## 44237. LAMAS COMPANY, INC. v. BALDWIN et al.
## 44238. BALDWIN v. HAPPY HERMAN'S, INC. et al.

Bell, Presiding Judge. Frank Baldwin, a subcontractor, brought this suit against Arthur Lamas, doing business as Lamas Construction Company, a general contractor, and Happy Herman's, Inc., to recover in contract for construction work performed on premises owned by Happy Herman's. After both sides had presented evidence on trial of the case, Lamas made a motion that he be stricken as a party defendant. The court, sitting without a jury, rendered an order striking Lamas as a party, substituting the Lamas Company, Inc., as a party in his place, and awarding judgment for plaintiff against the Lamas Company, Inc., and Happy Herman's, Inc., for $5,409.41 and $716.85 respectively. The Lamas Company took this appeal from the court's decision denying the company's motion to set the judgment

aside based on jurisdictional grounds. Plaintiff cross appealed, alleging as error the striking of the individual defendant.

1. *Code Ann.* § 81A-121 (Ga. L. 1966, pp. 609, 632), which provides that "Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action," is not applicable here. That section purposes to give relief to a plaintiff who sues too many or too few parties; it was not intended to correct the mistake of suing the wrong party. United States v. Swink, 41 FSupp. 98, 101; Matsuoka v. United States, 28 F. R. D. 350. Even under *Code Ann.* § 81A-121 process and service are still essential to the court's jurisdiction in the absence of waiver. A corporation is a separate and distinct legal entity from a natural person, though the two have similar names. *Nix v. Luke,* 96 Ga. App. 123 (99 SE2d 446). A corporation and even its sole owner and president are two separate and distinct persons. *Jolles v. Holiday Builders, Inc.,* 222 Ga. 358, 360 (149 SE2d 814) ; *Thoni Oil &c. Stations v. Kimsey,* 114 Ga. App. 638 (152 SE2d 576) ; *D. H. Overmyer &c. Co. v. W. C. Caye & Co.,* 116 Ga. App. 128, 135 (157 SE2d 68). It was error to substitute the corporation as a defendant in place of the individual defendant. Compare *Pacific Nat. Fire Ins. Co. v. Cummins Diesel of Ga.,* 213 Ga. 4, 7 (96 SE2d 881) ; *Gibbs v. Rhodes Furniture Co.,* 58 Ga. App. 352, 353 (198 SE 315). Notwithstanding that Lamas may have been sole owner of the Lamas Company, the court was without jurisdiction of the corporation and the judgment against it was void.

2. The court having stricken Arthur Lamas as a party without making an adjudication on the merits as to him, the judgment will be reversed on the cross appeal and the case remanded for a new trial. The erroneous substitution did not affect defendant Happy Herman's as to whom the judgment therefore will not be disturbed.

*Judgment reversed on the main appeal; reversed on cross appeal as to defendant Arthur Lamas; affirmed as to defendant Happy Herman's, Inc. Eberhardt and Deen, JJ., concur.*

ARGUED FEBRUARY 4, 1969—DECIDED JULY 10, 1969—
REHEARING DENIED JULY 22, 1969—

*Richardson, Chenggis & Constantinides, Platon P. Constantinides,* for Lamas Co.

*Glenville Haldi,* for Baldwin.

*Sid M. Kresses,* for Happy Herman's, Inc.