## 44687. JOHN L. HUTCHESON MEMORIAL TRI-COUNTY HOSPITAL v. OLIVER.

BELL, Chief Judge. 1. After being sued for damages based on negligence, the defendant hospital filed a motion to dismiss the complaint on the ground that the party sued was not a legal entity; that John L. Hutcheson Memorial Tri-County Hospital is merely a trade name for the Hospital Authority of Walker, Dade, and Catoosa Counties, Georgia, a corporation, and that action against this hospital must be brought in the corporate name. Both parties stipulated that the facts in the motion were true. After a hearing, the court denied the motion. Thereafter plaintiff moved to amend her summons and complaint so as to substitute the corporate name of the defendant. The court granted the motion. Defendant contends that since the original complaint was not lodged against a legal entity, the motion to dismiss should have been granted and that the court, by allowing plaintiff to amend her complaint to substitute the corporate name of the defendant, permitted the addition of a completely different person as party defendant. Neither premise has merit. A corporation conducting business in a trade name may sue or be sued in the trade name. *Executive Committee of the Baptist Convention v. Smith*, 44 Ga. App. 184 (161 SE 143), affirmed 175 Ga. 543 (165 SE 573). When a complaint is brought against a defendant in a trade name, the complaint is amendable by stating the real name of the person doing business under that name, and the amendment does not introduce a new party. *Hudgens Contracting Co. v. Redmond*, 178 Ga. 317 (2) (173 SE 135); *Mauldin v. Stogner*, 75 Ga. App. 663 (2) (44 SE2d 274); *Moody A. F. B. Fed. Credit Union v. Kinard*, 116 Ga. App. 163, 164 (156 SE2d 526).

2. The court denied defendant's motion for summary judgment. A certificate for immediate review was not issued. The case then proceeded to trial. Defendant now enumerates as error the denial of his motion for summary judgment. An order denying summary judgment is not subject to review by direct appeal or otherwise in the absence of a certificate for review by the trial judge within 10 days of the order. *Code Ann.* § 81A-156 (h). *Moulder v. Steele*, 118 Ga. App. 87 (3) (162 SE2d 785). After proceeding to trial the issue is moot. *Hill v. Willis*, 224 Ga. 263 (2) (161 SE2d 281); *General*

*Shoe Corp. v. Hood,* 119 Ga. App. 649 (168 SE2d 326); *Patterson v. Castellaw,* 119 Ga. App. 712, 718 (168 SE2d 838).

3. The record does not reflect that defendant made any objection or exception to the instructions given the jury before returning its verdict as required by *Code Ann.* § 70-207 (a). Therefore, nothing is presented for consideration by enumerations of error 5 and 6. *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393); *Nathan v. Duncan,* 113 Ga. App. 630 (6) (149 SE2d 383).

4. Defendant enumerates as error the overruling of his motion for directed verdict at the close of all the evidence. Again the record does not show that defendant made any motion at the close of the evidence. Questions relating to the proceedings on the trial which are set forth in the enumeration of errors but are not shown in the record of the case cannot be considered by this court. *Palmer v. Stevens,* 115 Ga. App. 398 (8) (154 SE2d 803).

5. Defendant contends that the verdict was contrary to law and without evidence to support it.

Plaintiff, a Red Cross Gray Lady performing voluntary work, entered an elevator in the hospital to deliver to a patient on the second floor a vase of flowers, which she was carrying in her hands. The elevator was level with the floor at entry. She pushed buttons to close the door and for the second floor. Not noticing any sensation of movement by the elevator after several minutes, plaintiff pushed the door button again, the door opened, and discovering that she was still on the floor of entry she stepped out of the elevator onto the floor of the corridor and fell injuring herself. She did not move the vase to see if the way was clear, or look down at her feet. Immediately after her fall, witnesses observed that the elevator was approximately four inches above the floor level. Evidence was also presented that this elevator had malfunctioned in the same manner previously. Under this posture of the evidence, the question of fault, partially or wholly, was properly a matter for determination by the jury. The evidence authorized the verdict.

*Judgment affirmed. Eberhardt and Deen, JJ., concur.*

SUBMITTED SEPTEMBER 2, 1969—DECIDED OCTOBER 27, 1969.

*Frank M. Gleason,* for appellant.
*Fred M. Milligan,* for appellee.