### 45413.  NELSON v. SING OIL COMPANY.

EBERHARDT, Judge. M. C. Nelson brought suit against Sing Oil Company, a Georgia corporation, alleging that he had been injured when gasoline negligently allowed to stand on the concrete apron of a filling station which it operated caught on fire, setting his clothing on fire and resulting in severe burns to his body.

Sing Oil Company denied that it either owned or operated the

service station in question, or that those who did operate it or who worked there were its servants, agents or employees, and moved for summary judgment. Richard Lewis Singletary, the president of Sing Oil Company, testified by affidavit that the corporation had not owned or operated the service station in question and that it did not own any of the stock of merchandise or fixtures therein, that none of those who operated the station or worked there were the corporation's agents or employees, and that it had no right or duty to control or maintain the premises. Joe P. Singletary, Jr. testified by affidavit that he, together with his father, Joe P. Singletary, Sr., and Lewis S. Singletary, as a partnership, leased the premises on which the station was operated from Mrs. Margaret Holmes Malloy under a lease dated September 20, 1966, which was recorded in Deed Book 121 at page 298 of the Lowndes County deed records, that they had so operated the station for approximately six years prior to the occasion on which plaintiff received his alleged injuries, that the partnership controlled and managed the business and the premises, employed and paid all help, were in exclusive possession, owned all of the stock and fixtures, and that Sing Oil Company did not, and that they had no connection with Sing Oil Company except that they purchased petroleum products from it wholesale and resold them to the public, and that they paid Sing Oil Company a charge for the handling of the accounts of credit card customers which Sing had approved.

Plaintiff testified by affidavit that there were Sing Oil Company signs and advertising at the station, that the corporation operated other stations in the area which had a similar appearance, that the station was owned and managed by one or more people who had theretofore worked at other stations operated by the corporation, and that he had rented a U-Haul trailer at the station in question and returned it to a station of the corporation at another location. He had made a diligent search of the public records of Lowndes County and could find no registration by the corporation of a trade name, and sought to amend by substituting the partnership for the corporation as a defendant.

From the grant of defendant's motion for summary judgment plaintiff appeals. *Held:*

We affirm. The situation here is controlled by our ruling in *Lamas Co. v. Baldwin,* 120 Ga. App. 149 (169 SE2d 638). And see *Parker v. Dailey,* 121 Ga. App. 507 (1) (174 SE2d 273). We know of no provision for the substitution of parties beyond that found in *Code Ann.* § 81A-125, and the provisions of that section are clearly inapplicable here. The substitution of a party is not authorized by the provisions of *Code Ann.* § 81A-114 for bringing in a third party, or by *Code Ann.* § 81A-121 for the adding or dropping of parties.

*Judgment affirmed. Jordan, P. J., and Pannell, J., concur.*
SUBMITTED JUNE 4, 1970—DECIDED JUNE 11, 1970.

*Bennett & Moon, H. L. Cole,* for appellant.
*Young, Young & Ellerbee, Cam U. Young,* for appellee.