### 49913. LONDON IRON & METAL COMPANY, INC. v. LOGAN.

CLARK, Judge.

Although the record here presents a gallimaufry of pleadings which include seven amendments by plaintiff to his original complaint and five defense motions to dismiss or strike, the facts present a simple situation: plaintiff's suit designated defendant as "London Iron and Metal Company." That was a trade name for a partnership located at the same address as a corporation

known as "London Iron and Metal Company, Inc." Service of suit papers was made upon an individual in his capacity as an officer of the corporation but who was also the principal partner. Was the trial court correct in overruling the corporation's motion to dismiss? Our answer is in the affirmative.

After Logan (plaintiff below) was injured on July 5, 1969, when a truck collided with the parked vehicle in which he was seated, police inquiry of the tortfeasor as to the name of the employer and vehicle owner resulted in the information that this was "London Iron and Metal Company." Plaintiff's suit thus designated the defendant. The deputy sheriff's return of service recited: "Served the Defendant London Iron & Metal Co. a Corporation, by serving S. Feldman-Pres. by leaving a copy of the within writ and summons with ———— at the office and place of doing business of said Corporation, in Fulton County, Ga. 897 Adamson St. S. E." This suit was filed September 10, 1969. On that date there was in existence a partnership bearing this name and also a corporation with the identical name plus the suffix "Inc." Both the partnership and the corporation had their principal places of business at this single Atlanta address. The individual to whom the suit papers were delivered possessed a fifty percent interest in the partnership, the other fifty percent being owned by four members of the London family. He was in fact vice-president of the corporation and thus an authorized official for legal service. There was no traverse of service and an answer was filed in the name of "London Iron and Metal Company." This answer admitted jurisdiction and denied the other allegations of the complaint. The complaint had not described the legal character of the defendant. Nor did the answer disclose this fact.

After the suit had been pending long enough for the two-year statute of limitation on personal injury claims to bar any new action against the corporation, "London Iron and Metal Company" filed a motion for summary judgment in which it was made known that this was the name of a partnership which neither owned the truck nor employed the tortfeasor; that in fact the driver was an employee of "London Iron and Metal Company, Inc.," a

corporation which was also the owner of the vehicle.

Following amendment maneuvers by plaintiff seeking to keep his suit alive in the face of dismissal motions, the litigation came to this court via a review certificate appealing from a judgment reading as follows: "That notwithstanding the confusion of names of the defendant and the numerous motions and amendments filed in the above styled case, it is the judgment of this court that London Iron and Metal Company, Inc. was duly and properly served . . .; that the Motions to Dismiss of London Iron and Metal Company, Inc. . . are hereby dismissed; that the said case shall proceed to its lawful termination under the name and style of *George A. Logan v. London Iron and Metal Company, Inc.*" A summary judgment had previously been granted to the partnership without prejudice to the right of the plaintiff "to amend within 20 days and add the abbreviation 'Inc.' to the name of the corporate defendant named in the original complaint and served as shown in the original return of service so that said litigation may proceed to a proper disposition on its merits." (R. 80).

1. The trial court was correct in basing its judgment upon legal service of the original suit papers having been made upon the corporation. Although the individual was a member of the partnership, the sheriff's return shows the complaint was delivered to him in his capacity as an officer of the corporation. This accomplished the purpose for which service is required. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." Mullane v. Central Hanover Bank &c. Co., 339 U. S. 306, 314 (70 SC 652, 94 LE 865).

It is this fact of service upon the correct party and the manner thereof which distinguishes this case from the three cases relied upon by appellant. *Jolles v. Holiday Builders,* 222 Ga. 358 (149 SE2d 814) sought specific performance against a corporation and its president for land which was not owned by the corporation upon a contract signed by the individual in his presidential

capacity and not as an individual. The court ruled that "In law, he [the president] and the corporation are entirely separate and distinct entities." That is true — but in the case at bar the service was not made upon the individual as a partner but was specified to be in his representative capacity as an officer of the corporation. That mode of service recognizes that "The corporate identity is entirely separate from the identity of its officers and stockholders" as was ruled in *Thoni Oil &c. Inc. v. Kimsey,* 114 Ga. App. 638 (152 SE2d 576). The third case cited by appellant is *Lamas Co. v. Baldwin,* 120 Ga. App. 149 (169 SE2d 638). There, at the end of a trial in which the defendant had been sued as an individual and had been served as such, the trial judge undertook to enter judgment against a corporation of which defendant was the sole stockholder. This was sought to be done as a substitution of parties under Code Ann. § 81A-121, which we ruled could not be done because of lack of jurisdiction of the corporation. In the case at bar the corporation was the original defendant and was the party served so that jurisdiction did exist despite the absence of the suffix "Inc." in the original complaint.

2. Moreover, as was succinctly stated by Chief Justice James Jackson[1] in *Barbour v. Albany Lodge No. 24, F. & A. M.,* 73 Ga. 474, 476: "Some person must be sued, either natural or artificial." The artificial person sued here was "London Iron and Metal Company," a name which imported defendant to be a corporation. *Charles v. Valdosta Foundry Co.,* 4 Ga. App. 733 (62 SE 493); *Harvey v. City Finance Co.,* 41 Ga. App. 420 (153 SE 229). While defendant was aware that there was a partnership using the same name without the "Inc." and thus acted properly in seeking a summary judgment to avoid the partnership from becoming liable for payment of any judgment, the corporate entity was the true defendant. The effect of the

---

[1]Marble busts of Joseph Henry Lumpkin (1799-1867), James Jackson (1819-1887), Logan Bleckley (1827-1907), and Richard B. Russell, Sr. (1861-1938) in the lobby of the State Judicial Building attest recognition of their illustrious services as Chief Justices.

plaintiff's amendment to add the suffix did not result in any change of party defendant. The situation here is the same as that which our court dealt with in *Atlanta Veterans Transportation v. Westmoreland,* 123 Ga. App. 466 (181 SE2d 504) where we said: "Where the real defendant has been properly served, a plaintiff has the right to amend in order to correct a misnomer in the description of the defendant contained in the complaint. [Cits.] Correction of a misnomer involves no substitution of parties and does not add a new and distinct party. [Cit.]"

Compare *Schnore v. Joyner,* 42 Ga. App. 688 (157 SE 353) where amendment was permitted to show defendant sued as "Southern Bearing & Parts Company, a corporation" was in fact an individual using that tradename; and *John L. Hutchison Mem. &c. Hospital v. Oliver,* 120 Ga. App. 547 (171 SE2d 649) where the corporation was sued in its trade name and amendment allowed to permit suit to continue in its correct name.

3. The remaining enumeration of error contends the claim for personal injuries is barred by the two-year statute of limitation. As we pointed out in the first division the suit was commenced against the corporation and it was the corporation that was served as shown by the sheriff's return. An erroneous name of a defendant may be amended to correct same even after the statute of limitation has run. *Lowe v. Atlanta Coca Cola &c. Co.,* 117 Ga. App. 135 (159 SE2d 473). See also *Parker v. Kilgo,* 109 Ga. App. 698 (137 SE2d 333).

*Judgment affirmed. Bell, C. J., and Quillian, J., concur.*

SUBMITTED NOVEMBER 4, 1974 — DECIDED JANUARY 7, 1975.

*Swift, Currie, McGhee & Hiers, Frederick F. Saunders, Jr., James M. Poe,* for appellant.
*Leroy R. Johnson,* for appellee.