## 51993. PENDLEY et al. v. HUNTER.

STOLZ, Judge.

Plaintiff, Hunter (appellee) filed suit against Pendley Bros., Inc., and two other named defendants, seeking damages and injunctive relief.[1] Subsequently, on October 8, 1974, the plaintiff-appellee amended his complaint by deleting "Pendley Bros., Inc." wherever the same appeared in the complaint and inserting in lieu thereof "H. Jack Pendley and David M. Pendley, individually and d/b/a Pendley Bros. Company." On the same day, the plaintiff filed a voluntary dismissal of Pendley Bros., Inc., as a party defendant to the case. On October 30, 1974, H. Jack Pendley and David M. Pendley, individually and d/b/a Pendley Bros. Co. (appellants) moved the court to dismiss the amendment because (1) the complaint as amended failed to state a claim and (2) there is no provision in the law for substituting parties by way of amendment. Thereafter, on November 25, 1974, the plaintiff moved the court to join the defendants as necessary parties to the suit pursuant to Code Ann. §§ 81A-115, 81A-119 and 81A-121 (Ga. L. 1966, pp. 609, 627, 630, 632). Hearing on the motion was set and held on November 27, 1974. While no order was forthcoming from the hearing, the trial judge did state that he felt it was in the best interest of all concerned for the suit to be dismissed and refiled.[2] Thereafter, on January 23, 1975, the plaintiff moved to add additional parties defendant, among whom were the appellants, and amended his complaint in accordance therewith. On January 30, 1975, Hon. Clyde W. Henley, Judge of Superior Court, entered an order pursuant to the appellants' motion to dismiss the amendment to the plaintiff's complaint which struck

---

[1]This appeal was initially transferred to the Supreme Court, but was returned to this court, presumably because all issues raised by the appeal are procedural.

[2]As of the date of the hearing, the defendants had not been served with a copy of the complaint as amended and summons.

Pendley Bros., Inc., as a party defendant and substituted the appellants in lieu thereof. This order dismissed the appellants as defendants, and was entered nunc pro tunc (November 27, 1974). The next day, January 31, 1975, Hon. Clarence W. Peeler, Presiding Judge of DeKalb Superior Court, executed an order adding the additional parties defendant requested in the plaintiff's motion of January 23, 1975 (including the appellants), as well as allowing the various amendments to the plaintiff's complaint. On February 21, Judge Peeler wrote counsel for all parties regarding Judge Henley's order of January 30, 1975, in which he stated that, after determining that Judge Henley's order was based on lack of service on the defendants, and that "it appearing that service has now been effected," his order (of January 31, 1975) would stand as filed. On May 7, 1975, Judge Peeler entered an order denying the appellants' motion to dismiss and granted the appellants a certificate for immediate review, pursuant to Code Ann. § 6-701 as it was then written (Ga. L. 1965, p. 18; 1968, pp. 1072, 1073).

1. The appellants contend that the court erred in substituting them as defendants in lieu of Pendley Bros., Inc., an existing Georgia corporation, under the decisions of this court in *Nelson v. Sing Oil Co.,* 122 Ga. App. 19, 21 (176 SE2d 227) and cits. At first blush, these decisions appear to control. However, we believe there is a distinguishing difference. In each of those cases there was a single named party defendant, whereas in this case there are multiple parties defendant. In the former situation, there is no continuity to the pending lawsuit resulting in a new, distinct action, which is not allowed. Such is not the case where there are multiple defendants. When one is dropped as a party defendant, the suit continues against the remaining defendant(s). Additional defendants may then be added pursuant to Code Ann. §§ 81A-119, 81A-120 and 81A-121. The addition of parties differs from the substitution of parties, Code Ann. § 81A-125 (Ga. L. 1966, pp. 609, 634), which relates primarily to instances involving the death, incompetency, etc., of a party. The permissive joinder of parties addresses itself to the discretion of the court upon such terms as are just. In the absence of manifest abuse, this discretion will

not be disturbed. The record in this case does not disclose any such abuse.

2. The appellants argue that Judge Henley's order of January 30, 1975, dismissing them as defendants in the action, was final, and that the appellee's only remedy was an appeal of that order. Judge Peeler's order of January 31, 1975, allowing the amendments to the complaint and the addition of the appellants and others as parties defendant, was in the same term as that of Judge Henley. "Courts of record retain full control over their orders and judgments during the term at which they are rendered, and in the exercise of a sound discretion may revise or vacate them, as the ends of justice may require, and such discretion, unless manifestly abused, will not be controlled by courts of review." *Hall v. First Nat. Bank,* 87 Ga. App. 142 (1) (73 SE2d 252) and cits.

*Judgment affirmed. Bell, C. J., and Clark, J., concur.*

ARGUED APRIL 5, 1976 — DECIDED
JUNE 9, 1976.

*Arnall, Golden & Gregory, Edward S. Sams, James B. Mowry, Jr.,* for appellants.

*Smith, Cohen, Ringel, Kohler, Martin & Lowe, William D. Barwick, Webb, Parker, Young & Ferguson, Thomas Murphy, Lokey & Bowden, Glenn Frick, Gambrell, Russell, Killorin, Wade & Forbes, David A. Handley, Greene, Buckley, DeRieux & Jones, Raymond H. Vizethann, Jr., Schwall & Heuett, Donald J. Goodman,* for appellee.