## 55563. MOORMAN INGRAM TRACTORS, INC. v. HARRINGTON MANUFACTURING COMPANY, INC.

BIRDSONG, Judge.

Appellee brought an action against appellant on two checks which were dishonored for insufficient funds. The original amount of the checks was $22,717.18. Payments were made on said checks in the amount of $16,515.18,

leaving a balance of $6,202.00; appellant admitted indebtedness in this amount. A counterclaim was filed by the appellant alleging that appellee had breached an oral agreement between the parties purporting to grant exclusive dealership rights to appellant. Appellant alleged that appellee sold through another of its agents products of the appellee in the amount of $95,742.50 which cost the appellant $19,148.50 in commission fees and an additional sum of $25,000.00 which the appellant could have made from sales commissions. Appellant asked for judgment against appellee in the amount of $44,148.50 plus costs.

A motion for summary judgment was filed by the appellee and the trial court sustained said motion entering a judgment for the appellee in the amount of $6,202.00 principal, $1,109.03 interest, future interest at 7% per annum and costs of court. Appellant appealed alleging as error the trial court's grant of appellee's motion for summary judgment. *Held:*

It is uncontradicted that the alleged agreement was an oral agreement with no set termination date agreed upon. Code Ann. § 20-401 (5) requires that any agreement (except on contracts with overseers) that is not to be performed within one year from the making thereof to be binding must be in writing; therefore, in order for the alleged oral contract to become enforceable there must have been such part performance of the contract as would render it a fraud of the party refusing to comply. Code Ann. § 20-402 (3).

The appellant in this case insists that there has been a part performance on the part of the appellant that would render it a fraud for the appellee to repudiate the agreement. We disagree.

The appellant, through its secretary and treasurer Lyn M. Ingram, by affidavit in opposition to appellee's motion for summary judgment alleged as part performance of the alleged oral contract (a) advertising as per agreement, (b) stocking and making available for sale repair parts for such products, (c) maintaining trained personnel for repairing and selling appellee's products.

Assuming there was in fact an oral agreement, although appellee denies such an agreement, the record

does not show acts which the appellant might not have done but for its reliance on the parol contract. Such acts as were performed were not in part performance of their obligations arising under such contract or of an essential part thereof, such as would take the contract out of the Statute of Frauds. *Smith v. Davidson,* 198 Ga. 231 (31 SE2d 477); *Cofer v. Wofford Oil Co.,* 85 Ga. App. 444 (69 SE2d 674); *Grace v. Roan,* 145 Ga. App. 776 (1978).

A primary purpose of the summary judgment procedure is to allow a party to pierce the allegation of the pleadings and show the truth to the court and receive judgment where there is no genuine issue of a material fact, although an issue may be raised by pleadings. *Scales v. Peevy,* 103 Ga. App. 42 (3) (118 SE2d 193). There being no genuine issue of a material fact as evidenced by the affidavits and interrogatories, the trial judge was correct in granting judgment for the appellee.

*Judgment affirmed. Bell, C. J., and Shulman, J., concur.*

SUBMITTED FEBRUARY 28, 1978 — DECIDED JUNE 23, 1978.

*Owens & Hilyer, Seymour S. Owens,* for appellant.
*Twitty & Twitty, Frank S. Twitty,* for appellee.