## 60363. MASSENGALE v. EVA COOK REALTOR, INC.

McMurray, Presiding Judge.

On January 28, 1977, Tom Massengale entered into a contract to purchase No. "29 Foster Hill S/D," real estate situated in Catoosa County, Georgia. He agreed to pay $52,000 in cash, provided the seller would take "W. T. Massengale house in on trade," having a selling price of $33,500. Certain stipulations were made a part of the agreement. The contract was an offer and acceptance type real estate contract "[t]o be used only by members of the Chattanooga Board of Realtors, Inc.," with the name "Eva Cook Realtor" written in below the above. Massengale's offer was accepted the same date by "Leon J. Ransom, Agt.," along with the signature Don Christian signed on the line with the word "owner(s)" underneath and also with the signature of Lamarr H. Cook below the word "owner(s)." Thereafter, by warranty deed dated February 8, 1977, Lamarr H. Cook, Don E. Christian and Leon J. Ransom conveyed to W. T. Massengale for $1.00 and other good and valuable consideration real property known as Lot No. 29, Foster Hills Subdivision, located in Land Lot 38, 28th District, 3rd Section, Catoosa County, Georgia, subject to the conditions and restrictions of record set forth therein, and subject to a 10 foot swale and utility easements on all side and rear lot lines, all as shown in the deed records of Catoosa County, Georgia.

Tom Massengale, as plaintiff, brought this action for breach of contract against Eva Cook Realtor, Inc., as to the above property, contending same was a new residence with an implied warranty as to workmanship and performance and that the defendant corporation has refused to perform said contract, seeking damages in the sum of $12,500.

The defendant answered, denying the claim. It added numerous defenses, and in its fifth defense added that "[p]laintiff accepted and received from defendant said real property . . ." However, in its sixth defense defendant denied entering into the contract. By counterclaim it sought $50,000 in general damages and also $25,000 punitive damages for outrageous conduct.

By amendment, plaintiff sought to strike in its entirety the paragraph naming the defendant corporation as the defendant, subject to the jurisdiction of the court, and inserting in lieu thereof defendants Eva Cook, "d/b/a EVA COOK REALTOR, INC., and/or EVA COOK REALTY"; and Lamarr Cook and Leon Ransom, as agents and representatives of Eva Cook Realtor. Defendant corporation moved to strike the first amendment for failure to state a claim and on the ground that it sought to add new parties to the action contrary to law. Thereafter, the court granted the motion and struck

the first amendment.

After discovery, the defendant moved for summary judgment based upon an affidavit by Lamarr H. Cook, as president of Eva Cook Realtor, Inc., that the corporation never owned any interest in the house and lot in question, had not entered into any contract with the plaintiff and that Leon J. Ransom executed the executory contract of sale not as agent for the real estate firm. Leon J. Ransom by affidavit also deposed that he owned a one-third undivided interest as a tenant in common with Lamarr H. Cook and Don E. Christian and that he executed the contract as owner, at which time the other two owners were not physically present but later obtained the other two signatures to the offer and thereby accepted the offer as made. He admitted, however, he was a sales agent for Eva Cook Realtor, Inc., but that in executing the contract and inserting the language "agent," same was to show he was the agent for the other two owners (Cook and Christian) or to disclose that he was a licensed real estate agent, "selling property owned personally by me."

Plaintiff then amended his complaint for the second time, contending he did not intend for the contract of sale of the property to merge with the deed as they had attempted to correct defects in the workmanship by performing work to correct items covered in the warranty after the deed was delivered and recorded. By affidavit in opposition to the motion for summary judgment he deposed that it was the intent of both parties that the contract survive the deed and the necessary repair work would be completed. He further deposed that the "[d]efendants did additional work on said property after execution and delivery of said deed, showing that it was the intent of all parties that said contract would survive the deed."

Defendant corporation's motion for summary judgment was sustained, and the amended complaint dismissed. Plaintiff appeals. *Held:*

1. In considering the defendant's motion to strike, under the authority of Code Ann. § 81A-112 (f) (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693), the trial court may order stricken from any pleading "any insufficient defense." The amendment sought to substitute parties for the defendant corporation and in doing so struck from the petition the defendant corporation as a party. Counsel for the plaintiff was aware at that time that he had sued the wrong party. Under Code Ann. § 81A-121 (Ga. L. 1966, pp. 609, 632) parties may be dropped or added by order of the court on motion of any party or of the court's own initiative at any stage of the action and on such terms as are just. However, this procedure was not used, and the amendment sought merely to substitute parties for the defendant. See *Lamas Co. v.*

*Baldwin,* 120 Ga. App. 149, 150 (1) (169 SE2d 638); *Nelson v. Sing Oil Co.,* 122 Ga. App. 19, 21 (176 SE2d 227). The trial court did not err in striking this attempt to substitute parties who were never served with this complaint.

For a discussion as to the standard to be applied to a motion to strike, see *Rhyne v. Garfield,* 236 Ga. 694, 695 (225 SE2d 43). However, the facts of that case and the decision would not be controlling here. See *Morgan v. White,* 121 Ga. App. 794 (2), 795 (175 SE2d 878).

2. The uncontroverted evidence here shows the property was never owned by defendant Eva Cook Realtor, Inc. While the contract was first signed by one of the part owners who may have acted as agent for the real estate firm in executing the contract inasmuch as the language "Eva Cook Realtor" was written into the contract, it was thereafter signed by the three owners and thereafter by warranty deed of the three owners transferred and conveyed to the purchaser. The uncontroverted evidence also shows that the real property was not listed with Eva Cook Realtor, Inc., and no commissions were charged or earned by anyone in connection with the transaction. The trial court did not err in granting the defendant's motion for summary judgment and in dismissing the complaint. *Scales v. Peevy,* 103 Ga. App. 42 (3), 47 (118 SE2d 193); *Moorman Ingram Tractors, Inc. v. Harrington Mfg. Co.,* 146 Ga. App. 398, 400 (247 SE2d 159).

*Judgment affirmed. Smith and Banke, JJ., concur.*

SUBMITTED SEPTEMBER 3, 1980 — DECIDED SEPTEMBER 18, 1980.

*G. M. Adcock,* for appellant.
*Lindsay H. Bennett, Jr.,* for appellee.