## 38750. LOFTIS v. JOHNSON et al.

MARSHALL, Justice.

On January 12, 1978, Helen S. Elliott was approximately 80 years of age, and she was also a patient in a psychiatric hospital. At that time, she executed a warranty deed conveying a one-half undivided interest in certain DeKalb County real estate to Eugenia Elliott Johnson, who is one of Helen Elliott's daughters. This warranty deed also conveyed a one-half undivided interest in the subject real estate to the grantor's other daughter, Lorraine Elliott Loftis. Helen, Eugenia, and Lorraine are all residents of Chatham County.

On February 9, 1979, Eugenia was appointed guardian for the person of her mother by the Probate Court of Chatham County, and Eugenia and Lorraine were appointed co-guardians of the property of their mother by the probate court. In April of 1979, Eugenia's attorney informed Lorraine by letter that she intended to effect a sale of the DeKalb County property (by partitioning if necessary) in order to provide funds for defraying the expenses of maintaining their mother.

On June 20, 1979, Lorraine, in her individual capacity, filed a complaint in the Chatham Superior Court against Eugenia, in her individual capacity. The complaint sought a declaratory judgment that the previously described warranty deed is null and void by reason of the incompetency of the parties' mother, who executed a will in 1977 bequeathing and devising all of her estate to Lorraine. The complaint was later amended to add plaintiff and defendant as parties in their capacities as co-guardians of the property of their mother.

The superior court granted Eugenia's motion to dismiss the amended complaint for failure to state a claim for relief, and Lorraine appeals.

In this appeal, Lorraine argues that she is entitled to bring this suit in her capacity as co-guardian of her mother's property. Eugenia argues that this suit cannot be maintained against her in her capacity as co-guardian, but that the suit must be brought against her in her individual capacity. *Held:*

Neither in her capacity as an expectant heir of her mother, nor in her capacity as a devisee named in her mother's unprobated will, does Lorraine have standing to maintain an action to cancel the warranty deed. *Frady v. Irvin,* 245 Ga. 307 (3) (264 SE2d 866) (1980). See *Sperber v. Balster,* 66 Ga. 317 (2) (1881). However, a guardian certainly has standing to bring suit to set aside a deed on the ground that the deed was executed by the guardian's ward while the ward was incompetent. See *Tingle v. Harvill,* 230 Ga. 70 (195 SE2d 654) (1973); *Short v. Mathis,* 107 Ga. 807 (1) (33 SE 694) (1899); *Field & Adams v. Lucas,* 21 Ga. 447 (1) (1857); Code Ann. §§ 81A-117 (a); 49-603; 49-201. But where one co-guardian is seeking to sell property of the ward on the ground that it is necessary in order to provide funds to maintain the ward, and where the other co-guardian is seeking to prevent the sale under circumstances in which she would benefit personally therefrom, it could be argued that as to the latter co-guardian a conflict of interest is present. See *Dowdy v. Jordan,* 128 Ga. App. 200 (1) (196 SE2d 160) (1973). Cf., *Kelley v. Kelley,* 129 Ga. App. 257 (199 SE2d 399) (1973).

In any event, under the present posture of this case, the superior court has granted the defendant's motion to dismiss. The defendant seeks to sustain this ruling on the ground that suit has been brought against her as co-guardian rather than in her individual capacity. We disagree. Under the plaintiff's complaint, as amended, this suit is being brought against the defendant in both her individual and representative capacities. Furthermore, it is clear that suing the defendant in her capacity as co-guardian rather than in her individual capacity would not constitute a ground for dismissing the complaint. See *London Iron &c. Co. v. Logan,* 133 Ga. App. 692 (212 SE2d 21) (1975).

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 9, 1982.

*Joseph B. Bergen,* for appellant.
*Corish, Beckmann, Smith & Pinson, Malberry Smith, Jr.,* for appellees.