## 64737, 64738. VOYAGER LIFE INSURANCE COMPANY v. ESTATE OF FRANK G. BAGLEY (two cases).

CARLEY, Judge.

These two cases arose when the executor under the will of Frank G. Bagley, deceased, made claim for payment under two credit life insurance policies issued by appellant-insurer. Appellant denied payment and the instant suits were filed, styled as "Estate of Frank G. Bagley vs. Voyager Life Insurance Company." Summary judgment was granted in both cases to the appellee-estate, as plaintiff, and appeal was brought to this court by appellant.

"An estate is not a legal entity which can be a party plaintiff to legal proceedings, because the exclusive right to bring actions in behalf of an estate (including attachment and garnishment proceedings) is, with certain exceptions not here applicable, in the legal representative, executor or administrator, of the estate. [Cits.] 2. 'This court is fully committed to the proposition that no suit can be lawfully prosecuted save in the name of a plaintiff having a legal entity, either as a natural or an artificial person. In every suit in this state, there must be a real plaintiff . . . If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, *it is a mere nullity, and therefore, with no party plaintiff, there is no case in court, and consequently nothing to amend by.'* [Cits.] This is for the reasons that there must be someone upon whom the judgment of the court will be effective ([cit.]) and that void proceedings are not amendable. [Cit.] 3. Although there might arise an estoppel by judgment in a case where there was in fact a real party plaintiff in court but improperly designated, this rule does not apply where no legal party plaintiff was named in the pleadings and shown to exist [cit.], in which situation the suit is a mere nullity, and thus unenforceable even after judgment. [Cits.] 4. Under these principles of law, there was no legal party plaintiff to prosecute the case below. *This being a legal prerequisite which was not, and could not have been, supplied by amendment or waived, the court below was without jurisdiction of the case.* Since the lack of jurisdiction appears on the face of the pleadings, we hold, *as a matter of law and without any motion to the effect,* that all of the proceedings in the case below, including the judgment in favor of the 'plaintiff' . . . were null and void. [Cits.]" (Emphasis supplied in part.) *Orange County Trust Co. v. Estate of Takowsky,* 119 Ga. App. 366 (166 SE2d 913) (1969). See also *Mathews v. Cleveland,* 159 Ga. App. 616 (284 SE2d 634) (1981).

*Judgment reversed. Quillian, P. J., concurs. Shulman, C. J., concurs specially.*

Decided January 5, 1983 —
Rehearing denied January 27, 1983 — 

*Robert N. Dokson,* for appellant.
*Paul Oliver, William Ballard,* for appellee.

Shulman, Chief Judge, concurring specially.

While I concur in the judgment of the majority opinion, I do so reluctantly and only because the result is mandated by several Supreme Court decisions predating the Civil Practice Act (Code Ann. § 81A-101 et seq. (OCGA § 9-11-1 et seq.)). *Smith v. Commissioners &c. of Glynn County,* 198 Ga. 322 (31 SE2d 648); *Western & A. R. Co. v. Dalton Marble Works,* 122 Ga. 774 (50 SE 978), and other Supreme Court decisions have established the rule upon which *Orange County Trust Co. v. Estate of Takowsky,* 119 Ga. App. 366, 367 (166 SE2d 913), is based: "If the suit is brought in a name which is neither that of a natural person, nor a corporation, nor a partnership, *it is a mere nullity, and therefore, with no party plaintiff, there is no case in court . . .*" Since the present action unquestionably was not brought in the name of a party purporting to be a natural person, corporation, or partnership, based on the foregoing rule, "all of the proceedings in the case below . . . were null and void." Id.

I do not believe that the rule enunciated in *Orange County Trust Co.* comports with pleading and practice under the Civil Practice Act. Code Ann. § 81A-109 (a) (OCGA § 9-11-9 (a)) clearly and specifically provides: "When a party desires to raise an issue as to the *legal existence* of any party, the capacity of any party to bring or defend an action, or the authority of a party to bring or defend an action in a representative capacity, he shall do so by specific negative averment, which shall include such supporting particulars as are peculiarly within the pleader's knowledge." (Emphasis supplied.) Consequently, this court has held that an action will not be dismissed even on the ground that the plaintiff has no legal existence, unless the issue is raised properly in the trial court. *Carroll v. Equico Lessors,* 141 Ga. App. 279 (2) (233 SE2d 255). The clear import of Code Ann. § 81A-109 (a) is that parties may waive technical deficiencies in the naming of other parties to an action if they so choose. The mandate of § 81A-109 (a) directly conflicts with the rule relied upon in deciding this case.

Courts have long recognized the harshness in this rule. To circumvent its potentially disastrous results, it has long been the rule that " '[w]here the name does not import a legal entity, but in fact it is a corporation, such defect may be cured by an amendment alleging

the corporate character. [Cit.]' " *Russell v. O'Donnell,* 132 Ga. App. 294, 296 (208 SE2d 107). Further "[a] corporation conducting business in a trade name may sue or be sued in the trade name." *John L. Hutcheson &c. Hosp. v. Oliver,* 120 Ga. App. 547 (1) (171 SE2d 649); *Carroll,* supra. The obvious intent behind these exceptions to the general rule is to prevent the cruel result of having a corporate plaintiff ejected from court because of a harmless error in the denomination of that plaintiff in the complaint. The exceptions work in a simple, flexible fashion: if the name of the corporate plaintiff denominated in the complaint does not import a legal entity or represents a trade name, but the action is, in substance, being prosecuted by a legal corporate entity, the plaintiff may correct the deficiency in the pleadings by amendment at any time before judgment; if the matter proceeds to judgment and there is no challenge to the legal existence of the plaintiff prior to the entry of the judgment, the judgment becomes conclusive despite the nominal deficiency. *Haynes v. Armour Fertilizer Works,* 146 Ga. 832 (92 SE 648). There is little logic in treating the estate in this case in a manner different from a corporation that sues in its trade name or that has a name that fails to import a legal entity.

It is in the same spirit that Code Ann. § 81A-109 (a) requires a defendant to pursue affirmatively any defense based on the legal existence (or lack thereof) of any plaintiff. If the proper party in this case, the personal representative of Mr. Bagley's estate, is not, in fact, the party instituting and prosecuting this action, then the Civil Practice Act gives the defendant ample opportunity to raise that issue and have the case dismissed on improper party grounds. However, if the personal representative is, in fact, prosecuting this action, as the record affirmatively shows, neither this nor any other court should be concerned about the improper denomination of the party plaintiff when the opposite party makes no objection.

I believe that the better approach to cases such as this is one that follows the letter of Code Ann. § 81A-109 (a) and the spirit of Code Ann. § 81A-108 (f) (OCGA § 9-11-8 (f)) ("All pleadings shall be so construed as to do substantial justice") and Code Ann. § 81A-115(a) (OCGA § 9-11-15 (a)) (allowing liberal amendment of pleadings). That is, if a plaintiff sues in an incorrect name and its legal existence is raised by the defendant in a motion to dismiss, the plaintiff should be allowed to amend to show that the action is, in fact, being prosecuted by a legal entity. If the amendment demonstrates the legal existence of the plaintiff, the motion to dismiss should be denied and the action should proceed in the correct name. If the legal existence of the plaintiff is not demonstrated, the action should be dismissed. If the issue is not timely raised by the defendant, it should

not be considered by any court on appeal. If a judgment in the name of the improper party plaintiff is attacked pursuant to Code Ann. § 81A-160 (OCGA § 9-11-60), the plaintiff should be allowed to demonstrate that it was, in fact, a proper party, which would render the defect amendable and rebut the argument that the judgment was a nullity and thus void.

The travesty of applying *Orange County Trust Co.* is amply demonstrated by the facts of this case. Appellant not only failed to pursue the issue in the trial court, but also specifically states in its supplemental brief that it has no objection to the action proceeding as denominated, considers that issue to have been waived, and would not oppose an amendment changing the name of appellee to "Edward Bates Block, Executor of the Estate of Frank G. Bagley." Both parties desire for the action to proceed on the merits, and our modern rules of pleading and practice are clearly flexible enough to accommodate their preference.

However, this court is bound by the decisions of our Supreme Court holding that an action filed in the name of a plaintiff that does not purport to be a person, corporation, or partnership is a nullity and all proceedings therein are void. *Smith v. Commissioners &c. of Glynn County,* supra; *Western & A. R. Co. v. Dalton Marble Works,* supra. " '(I)t is our duty to follow the precedents and the ancient landmarks of the law as declared by the Supreme Court.' " *Bickford v. Nolen,* 142 Ga. App. 256, 262 (235 SE2d 743). Since an estate purports to be neither a person, corporation, nor partnership, and does not fall within the corporate exceptions noted above, we must dismiss this action sua sponte *(Orange County Trust Co.,* supra), although I am convinced that this rule is both outdated by and inconsistent with the Civil Practice Act.