## 66066. KETCHAM v. FRANKLYN GESNER FINE PAINTINGS, INC.

SOGNIER, Judge.

Franklyn Gesner sued Ray Ketcham, claiming fraud in the sale of art work allegedly painted by Martin Johnson Heade. During discovery it became apparent that the purchaser was not Gesner but Franklyn Gesner Fine Paintings, Inc. Ketcham's motion to dismiss upon learning that Gesner was not the purchaser of the art work was denied. The trial court then granted a motion to substitute Franklyn Gesner Fine Paintings, Inc. in place of Gesner as party plaintiff. The trial court denied Ketcham's motion to strike the substitution and his renewed motion to dismiss. Ketcham brings this interlocutory appeal.

The purported authority for appellee's motion for substitution was OCGA § 9-11-17 (a) (Code Ann. § 81A-117), which provides: "Every action shall be prosecuted in the name of the real party in interest. An executor, an administrator, a guardian, a bailee, a trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may bring an action in his own name without joining with him the party for whose benefit the action is brought; and, when a statute so provides, an action for the use or benefit of another shall be brought in the name of the state. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

OCGA § 9-11-17 (a) (Code Ann. § 81A-117) does not in and of itself authorize the substitution and joinder of parties, nor does it provide any method by which substitution or joinder may be accomplished. It merely postpones any dismissal of the action for lack of prosecution by the real party in interest by allowing the erring party a reasonable time to remedy its mistake by utilizing the appropriate procedure as provided in the relevant statute. OCGA § 9-11-17 (a) (Code Ann. § 81A-117) should thus be read as parenthetically referring to those other statutes which do provide the proper procedures either for joining or for substituting parties.

Appellee was not added as a party by amending but instead sought by its motion to substitute itself for the original named plaintiff, Franklyn Gesner. However, the only statute authorizing such substitution of parties is OCGA § 9-11-25 (Code Ann. §

81A-125), which limits the use of substitution to instances involving the death or incompetency of a party, the transfer of interest in an action, or the transfer of an action to a successor in public office. None of these four instances are applicable to the situation here. *Nelson v. Sing Oil Co.,* 122 Ga. App. 19, 21 (176 SE2d 227) (1970).

Nor is the recent Supreme Court decision *Block v. Voyager Life Ins. Co.,* 251 Ga. 162 (303 SE2d 742) (1983) applicable here. *Voyager* involved an action brought in the name of a party that was not a legal entity. The Supreme Court held that where such a party plaintiff is not a legal entity but is reasonably recognizable as a misnomer for a legal entity which is the real party in interest, the misnomer may be corrected by way of amendment. Id. In contrast, the instant action was brought by Franklyn Gesner, an entity legally distinct from Franklyn Gesner Fine Paintings, Inc. As an individual fully capable of suing appellant in his own right, "Franklyn Gesner" cannot be seen as a "reasonably recognizable" misnomer for the corporate real party in interest here. Furthermore, in *Voyager* the Supreme Court specifically looked to amendment as the means of correcting that appellant's mistake and never addressed the use of substitution which faces our court in the instant case.

OCGA § 9-11-21 (Code Ann. § 81A-121) states that "[p]arties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." Appellee did not use this procedure and its attempt to use substitution of parties instead was inappropriate and ineffective for want of statutory authority. *Nelson* supra. See *Lamas Co. v. Baldwin,* 120 Ga. App. 149, 150 (1) (169 SE2d 638) (1969); *Massengale v. Eva Cook Realtor,* 155 Ga. App. 757, 758 (1) (272 SE2d 730) (1980). Where a rule speaks clearly and without ambiguity, this court will not ignore the plain language before us. Hence, the trial court erred in granting appellee's motion to substitute and in denying appellant's motion to strike the substitution and dismiss the action against Franklyn Gesner. However, the striking of the "substituted" party plaintiff, Franklyn Gesner Fine Paintings, Inc., and dismissal of the case instituted by Franklyn Gesner is not such a judgment on the merits as should bar the corporate appellee from bringing further action on any claim for relief it may assert against appellant.

*Judgment reversed. Shulman, C. J., Deen, P. J., Banke, Birdsong and Carley, JJ., concur. Quillian, P. J., McMurray, P. J., and Pope, J., dissent.*

DECIDED DECEMBER 1, 1983 —
REHEARING DENIED DECEMBER 19, 1983 —

*Richard C. Freeman III, Gary G. Agnew,* for appellant.
*Harmon W. Caldwell, Jr., Wade H. Watson III,* for appellee.

QUILLIAN, Presiding Judge, dissenting.

I respectfully dissent from the majority decision which holds that an action should be dismissed rather than permit an amendment in the name of the party plaintiff. The majority found this to be a "substitution" of parties which was authorized generally by OCGA § 9-11-17 (a) (Code Ann. § 81A-117), but not specifically under OCGA § 9-11-25 (Code Ann. § 81A-125), as such "substitution" in the instant case is not one of the types included in the latter code section. I do not find this distinction controlling.

The Supreme Court, in *Block v. Voyager Life Ins. Co.,* 251 Ga. 162 (303 SE2d 742), decided the issue of whether "pleadings may be amended to substitute a named party plaintiff when suit is filed in the name of a party which is not a legal entity." They held that "amendments to change the name of a party are permitted as long as the original party designation describes a person, firm or corporation. See *Powell v. Ferguson Tile & [Terrazzo] Co.,* 125 Ga. App. 683 (188 SE2d 901)." In *Powell,* supra, this Court held: " 'It is no longer issuable that under Georgia procedure the name of either a plaintiff or defendant may be corrected by amendment prior to judgment *so long, at least, as the name by which the originally designated party is described imports a person, firm, or corporation, even though it is in fact not so.*' " 125 Ga. App. at 685. Thus, we permitted an amendment from the first described plaintiff — "Ferguson Tile & Terrazzo Co." to "Robert H. Ferguson, d/b/a Ferguson Tile & Terrazzo Co." In the instant case we are asked to do the opposite, i.e., to permit an amendment of a party plaintiff from "Franklyn S. Gesner" to "Franklyn Gesner Fine Paintings, Inc."

In *Voyager Life Ins. Co. v. Estate of Frank G. Bagley,* 165 Ga. App. 212 (299 SE2d 118), this Court found that where the original action was brought in the name of "Estate of Frank G. Bagley" as plaintiff, that the proceedings were a nullity. The Supreme Court reversed holding: "The Civil Practice Act requires that a suit be filed by a real party in interest but allows for amendment to substitute the real party in interest if incorrectly named. OCGA § 9-11-17 (Code Ann. § 81A-117). OCGA § 9-11-15 (Code Ann. § 81A-115) provides for liberal amendments and this is consistent with our holdings that the pleadings are not an end in themselves but only a method to assist in reaching the merits of the case. *McDonough Constr. Co. v. McLendon Electrical Co.,* 242 Ga. 510 (250 SE2d 424) (1978). The courts shall

construe the pleadings 'as to do substantial justice.' OCGA § 9-11-8 (f) (Code Ann. § 81A-108)." Id.

It should be noted that this is not a case in which a party defendant is changed — whereby service on the proper party would be in issue. This is an instance whereby a person purchased paintings on behalf of his corporation from the defendant. The purchasing party was originally named as the plaintiff because he was the active party participant — even though his corporation paid the bill. The defendant was not misled or deceived. And, the amendment was petitioned by motion, as stated in the majority opinion, and was authorized by order of court after a hearing. We should not permit "labels" in pleading from achieving "substantial justice." See OCGA § 9-11-8 (f) (Code Ann. § 81A-108). "It is an elementary rule of pleading that substance, not mere nomenclature, controls. *Girtman v. Girtman,* 191 Ga. 173, 180 (4) (11 SE2d 782); *Chance v. Planters &c. Co-op.,* 219 Ga. 1, 5 (131 SE2d 541)." *McDonald v. State,* 222 Ga. 596, 597 (151 SE2d 121); accord: *Evans v. City of Tifton,* 138 Ga. App. 374 (6) (226 SE2d 471); *Goldstein v. Smith,* 141 Ga. App. 493 (2) (233 SE2d 864). Thus, whether the change in the name of the party plaintiff was a "substitution" under OCGA § 9-11-25 (Code Ann. § 81A-125), or was authorized as an addition and deletion under OCGA § 9-11-21 (Code Ann. § 81A-121), or an "amendment[] to change the name of a party [which is] permitted so long as the original party designation describ[ed] a person, firm or corporation," (*Powell v. Ferguson Tile & Terrazzo Co.,* 125 Ga. App. 683, supra), very clearly it was authorized under the much broader rule of *Block v. Voyager Life Ins. Co.,* 251 Ga. 162, supra, which holds "that where the party plaintiff named in a complaint is not a legal entity but is reasonably recognizable as a misnomer for a legal entity which is the real party plaintiff, the misnomer may be corrected by amendment." The original plaintiff in the instant case was a person, reasonably recognizable as a misnomer for the real party plaintiff and the misnomer may be corrected by amendment. I would hold that the discretionary appeal was improvidently granted.

I am authorized to state that Presiding Judge McMurray and Judge Pope join in this dissent.