**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 20, 2019**

# In the Court of Appeals of Georgia

A19A0882. MORENO v. CARNICERIA, LOA #2.

RICKMAN, Judge.

Following an alleged slip and fall at Carniceria Loa #2, Raul Moreno filed suit against Carniceria Loa #2, aka Carniceria Loa, Inc. and John Doe seeking damages. After Carniceria Loa #2 filed a special appearance answer informing Moreno that it was not associated with Carniceria Loa, Inc., Moreno filed an amended complaint naming Carniceria Loa #2 and John Doe as the defendants. Thereafter, Moreno dismissed the action without prejudice.

Approximately six months later, Moreno filed a renewal complaint against Carniceria Loa #2, a sole partnership of Jose Madrigal. The trial court granted Carniceria Loa #2's motion for summary judgment, finding that Moreno's amended complaint was void because it was not the correction of a misnomer and thus,

Moreno's claims were time barred because he failed to file suit against Carniceria Loa #2 prior to the expiration of the two-year statute of limitation. On appeal, Moreno contends that the trial court erred by dismissing his complaint. For the following reasons, we vacate the judgment and remand the case to the trial court.

Initially, we recognize that "[i]t is well-established that there is no magic in nomenclature, and in classifying pleadings the courts will construe them to serve the best interests of the pleader, judging the pleading by its function rather than by its name." (Citation and punctuation omitted.) *Doe v. State*, 347 Ga. App. 246, 250 (1) (819 SE2d 58) (2018). Because the substance of Carniceria Loa #2's motion for summary judgment requested that Moreno's complaint be dismissed because it was barred by the statute of limitation, we will interpret Carniceria Loa #2's motion for summary judgment as a motion to dismiss. See *Gullatt v. Omega Psi Phi Fraternity*, 248 Ga. App. 779, 779 (1) (546 SE2d 927) (2001) ("A motion to dismiss barred claims is properly granted when a complaint shows on its face that the statute of limitation has run and there is no further showing by amendment or by affidavit that a tolling of the statute is possible.") (citations and punctuation omitted).

"When a question of law is at issue, such as whether the statute of limitation bars an action, we owe no deference to the trial court's ruling and apply the plain

legal error standard of review." (Citation and punctuation omitted.) *Harpe v. Hall*, 266 Ga. App. 340, 340 (596 SE2d 666) (2004).

So viewed, the day before the statute of limitation expired, Moreno filed his original complaint against Carniceria Loa #2 aka Carniceria Loa, Inc. and John Doe alleging that due to negligent acts of defendants' employees and agents he was injured. See OCGA § 9-3-33 ("actions for injuries to the person shall be brought within two years after the right of action accrues"). The complaint states that process may be served upon the registered agent for Carniceria Loa. Following service of process upon the registered agent for Carniceria Loa, Carniceria Loa #2 filed a special appearance answer asserting, inter alia, that Carniceria Loa #2 was a sole proprietorship and not affiliated with Carniceria Loa, Inc. Carniceria Loa #2 also filed an affidavit from Jose Madrigal who averred that he was the owner and proprietor of Carniceria Loa #2.

It appears from the record that after Carniceria Loa #2 filed its special appearance, Moreno twice served Madrigal with the original complaint. Moreno then filed an amended complaint, naming Carniceria Loa #2 and John Doe as defendants, and served it upon Madrigal. Approximately one week later, Moreno dismissed the action without prejudice.

3

Approximately six months after dismissing the action, Moreno filed a renewal complaint against Carniceria Loa #2, a sole proprietorship of Jose Madrigal. Carniceria Loa #2 moved for summary judgment, arguing that Moreno's renewal complaint was an improper attempt to renew his personal injury action because the renewal suit was filed after the expiration of the statute of limitation and did not name the same defendants as in the first complaint. The trial court agreed with Carniceria Loa #2 and dismissed the action.

Moreno contends that the trial court erred by dismissing his action against Carniceria Loa #2. Specifically, Moreno argues, inter alia, that because he properly served Madrigal with the original complaint prior to filing the amended complaint, the amendment related back to the original filing of the complaint before the expiration of the statute of limitation.

"All misnomers, whether in the Christian name or surname, made in writs, pleadings, or other civil judicial proceedings, shall, on motion, be amended and corrected instanter without working unnecessary delay to the party making the same." OCGA § 9-10-132. "When a person has been sued in their trade name, this misnomer may be corrected to sue in their real or true name; however, the amendment cannot state a new cause of action or introduce a new party to the suit." *Foskey v. Vidalia*

4

*City School*, 258 Ga. App. 298, 299 (a) (574 SE2d 367) (2002). "Thus, an amendment that seeks to correct the name of the right party sued shall be permitted, but if a new party on the record is brought into the suit, then such substitution should be refused." Id. "Where the real defendant was properly served or acknowledged service, an amendment to correct a misnomer to set forth the correct identity of this defendant is not a change of parties requiring a court order, but a correction of a misnomer, even if the statute of limitation has run." Id. at 300. See *Northgate Village Apts. v. Smith*, 207 Ga. App. 479, 481 (2) (428 SE2d 381) (1993) ("Where the real defendant has been properly served, a plaintiff has the right to amend in order to correct a misnomer in the description of the defendant contained in the complaint.") (citation and punctuation omitted); *London Iron & Metal Co. v. Logan*, 133 Ga. App. 692, 695 (2) (212 SE2d 21) (1975) (same).

Here, in the "background" section of its order, the trial court stated that "the summons and [o]riginal [c]omplaint [were] served on [Carniceria Loa #2]. Later in the analysis section, the trial court cited to *Foskey* for the proposition that "[w]hen the actual defendant is served, despite being incorrectly identified in the complaint, the plaintiff can correct this error without leave of court. . . Meaning in a case where the defendant has been served, this court will allow the correction of an inadequate or

5

defective designation." Interestingly, the trial court explained that here "[Moreno's] amendment was not the correction of a misnomer because not only was [Carniceria Loa #2] never served with the [o]riginial [c]omplaint, but this amendment substituted one entity for another entity."

It appears from the record that Carniceria Loa #2 was served with the original complaint when Moreno served its sole proprietor, Madrigal. However, we cannot reconcile the trial court's order which finds that Carniceria Loa #2 both was and was not served with the original complaint. Whether Carniceria Loa #2 was properly served with the original complaint is a fact that must be found by the trial court prior to engaging in any further analysis. Should the trial court find that Carniceria Loa #2 was properly served, then it should determine what effect, if any, that service has on the viability of the renewal complaint. Accordingly, we vacate the judgment and remand the case to the trial court for proceedings consistent with this opinion. See generally *Chatham v. World Arts & Crafts Center*, 147 Ga. App. 421, 422 (249 SE2d 139) (1978).

*Judgment vacated; case remanded. Miller, P. J., and Reese, J., concur.*