38271. AIKEN v. CITIZENS & SOUTHERN BANK OF COBB COUNTY et al.

SMITH, Justice.

On October 22, 1975, appellee obtained a judgment against appellant's husband in the amount of $57,000. On October 23, 1975, the husband conveyed certain real estate to appellant. Appellee thereafter commenced this case, asking that the deed be set aside because it was made and delivered with the intention to hinder, delay, or defraud creditors in violation of Code Ann. § 28-201 (2). A pre-trial order eliminated appellant's counterclaim. From this order, appellant appeals. We affirm.

1. Appellee contends the appeal should be dismissed because 1) there is no final judgment as required by Code Ann. § 6-701 (a)(1), and 2) appellant failed to obtain a certificate of immediate review pursuant to Code Ann. § 6-701 (a)(2). We cannot agree with appellees' contentions.

"An order granting summary judgment on any issue or as to any party shall be subject to review by appeal." Code Ann. § 81A-156 (h). In this case, the trial court struck appellant's counterclaim "after

consideration of the proposed pre-trial orders of plaintiff and defendant, the pleadings, *evidence* and arguments of counsel." (Emphasis supplied.) The court's pre-trial order was thus "tantamount to the grant of a summary judgment motion," Wright & Miller, *Federal Practice and Procedure,* Vol. 6, § 1529, p. 621 (1971), and appealable without a certificate of immediate review even though interlocutory.

2. Appellant contends the trial court erred in striking the counterclaim less than 30 days after the "summary judgment motion" was filed. There is no merit to this contention.

The parties filed proposed pre-trial orders in March and April of 1980. On July 13, 1981, appellee requested that a pre-trial hearing be scheduled for August 25, 1981. On the date of the hearing, appellant filed an amendment to her counterclaim and a new proposed pre-trial order incorporating issues newly raised by her amended counterclaim. The parties were given time to brief the issue of the counterclaim's validity and the court issued its pre-trial order on September 22, 1981.

Appellant had more than 30 days to prepare for the pre-trial hearing and the court's order was rendered more than two months after the hearing was first scheduled. Code Ann. § 81A-156 (c) requires no more.

3. Appellee filed a notice of the pending action on the court's lis pendens docket pursuant to Code Ann. §§ 67-2801 et seq. Appellant contends the lis pendens law is unconstitutional and violates her rights to due process and equal protection of the law.

A lis pendens simply gives notice to prospective purchasers that a lawsuit involving the realty has been filed. It does not prevent the sale of the property, nor is it a lien on the property. *Lankford v. Milhollin,* 203 Ga. 491 (47 SE2d 70) (1948). Appellant has not suggested how the Georgia lis pendens law violates her right to equal protection of the law. Due process does not require advance notice of the filing of the lis pendens. See, Debral Realty v. Dichiara, 420 NE2d 343 (Mass. 1981). This enumeration of error is meritless.

4. Appellant contends the trial court erred in striking her counterclaim. The gist of her counterclaim is that appellee, acting under color of law, violated appellant's constitutional rights and that she is entitled to proceed under 42 USCA § 1983.

State action is a prerequisite to maintenance of a suit under 42 USCA § 1983. Weise v. Syracuse University, 522 F2d 397 (2d Cir. 1975). No state action has been demonstrated in this case. Furthermore, it is clear that appellant's constitutional rights have not been violated. The trial court did not err in striking appellant's counterclaim.

5. Appellant's remaining enumerations of error are without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 2, 1982.

*Mary Brock Kerr,* for appellant.
*Awtrey & Parker, Dana L. Jackel,* for appellees.