## 65159. WHATLEY v. BLUE CROSS OF GEORGIA/COLUMBUS, INC. et al.

CARLEY, Judge.

Appellant-plaintiff brought suit against appellee-defendants seeking to recover $3,032.20 in benefits under a policy of insurance. In addition, appellant also sought to recover damages premised upon

certain ex delicto claims, including the infliction of mental distress allegedly caused by appellees' refusal to pay the insurance benefits. Pursuant to OCGA § 9-11-12 (f) (Code Ann. § 81A-112), appellees moved to strike those portions of appellant's complaint relating to the ex delicto claims. The trial court granted appellees' motion to strike, leaving only appellant's ex contractu claim pending.

Pursuant to OCGA § 5-6-34 (b) (Code Ann. § 6-701), appellant filed a petition for interlocutory review, denominating the order to be appealed from as one which granted appellee's motion for partial summary judgment. Appellant's petition was accompanied by the trial court's certification which likewise denominated her order as one granting appellees' motion for partial summary judgment. Assuming from this documentation that appellee's motion to strike had been considered by the trial court as a motion to dismiss for failure to state a claim upon which relief can be granted (see *Rhyne v. Garfield,* 236 Ga. 694 (225 SE2d 43) (1976) which had then been converted into a motion for summary judgment (see *Mica-Top Fixture Co. v. Frank G. Shattack Co.,* 124 Ga. App. 100 (183 SE2d 15) (1971), this court, acting on the information supplied to it that the interlocutory appeal being sought by appellant was in fact from the grant of a partial summary judgment which would be directly appealable pursuant to OCGA § 9-11-56 (h) (Code Ann. § 81A-156), accordingly dismissed appellant's petition for interlocutory review.

Appellant then filed the notice of appeal in the instant case. That notice of appeal states that the order being appealed is one granting partial summary judgment to appellees and also reflects that nothing has been omitted from the record. A review of the record in its entirety demonstrates that no evidence is encompassed therein. Accordingly, this court, for the first time, has been given sufficient information concerning the appeal by which to discover that appellees' motion to strike was not converted into a motion for partial summary judgment by consideration of evidence outside the pleadings and that the previous characterization of the order as one granting partial summary judgment was erroneous and misleading. See generally *Tomberlin Assoc. Architects v. Athens Bank & Trust,* 158 Ga. App. 659 (281 SE2d 645) (1981).

The order granting appellees' motion to strike certain ex delicto allegations and prayers of appellant's complaint is not final, as appellant's ex contractu claim is pending. Accordingly, the order is not directly appealable. See generally *Daughtrey v. Daughtrey,* 233 Ga. 83 (210 SE2d 3) (1974). There being no grant of an interlocutory appeal pursuant to the provisions of OCGA § 5-6-34 (b) (Code Ann. § 6-701), this court has no jurisdiction to hear the instant appeal. See generally *Moore v. State,* 141 Ga. App. 647 (234 SE2d 186) (1977). See

also *Commercial Bank v. Simmons,* 157 Ga. App. 391 (278 SE2d 53) (1981).

*Appeal dismissed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 4, 1983.

*B. Seth Harp, Jr.,* for appellant.
*Howell Hollis,* for appellees.