## 74424. DENNEY v. SHIELD INSURANCE COMPANY.
### (358 SE2d 628)

BANKE, Presiding Judge.

The appellee insurer filed this action to obtain a declaratory judgment adjudicating the extent, if any, of its obligation to pay the appellant personal injury protection benefits as the result of an accident in which he was involved. The appellee additionally sought an interlocutory injunction restraining the appellant from prosecuting the PIP claim during the pendency of the declaratory judgment action. The appellant counterclaimed to recover the PIP benefits, plus a statutory bad-faith penalty and attorney fees.

After the appellant filed his responsive pleadings, the trial court lifted and then reimposed a temporary restraining order it had previously issued staying the prosecution of the PIP claim. Based solely on the existence of the restraining order, the appellee insurer moved to dismiss the counterclaim pursuant to OCGA § 9-11-12 (b) (6) for failure to state a claim, whereupon the appellant moved to set aside the restraining order and to dismiss the complaint for failure to state a claim. The trial court subsequently entered a pre-trial order in the case, and, a few weeks thereafter, granted the appellee's motion to dismiss the counterclaim and denied the motions filed by the appellant. The appellant then filed a direct appeal to this court, which the appellee has moved to dismiss based on the appellant's failure to follow the interlocutory appeal procedures set forth in OCGA § 5-6-34. *Held*:

The motion to dismiss the appeal is granted, as the order appealed from clearly is neither a final judgment nor otherwise directly appealable. The appellant's reliance on *Aiken v. C & S Bank of Cobb County*, 249 Ga. 481 (291 SE2d 717) (1982), for the proposition that "the dismissal of a counterclaim after a consideration of a pre-trial order is tantamount to the grant of a summary judgment" is misplaced. What *Aiken* held was that an order striking a counterclaim was tantamount to a grant of summary judgment where it was based on a consideration of proposed pre-trial orders which had been submitted by the parties *and* upon certain evidence presented in the case. In contrast, it does not appear that the dismissal of the appel-

lant's counterclaim in the present case was based on consideration of any evidence or any admissions appearing outside the pleadings. More importantly, it is clear that the dismissal was not intended to constitute a ruling on the merits of the counterclaim, for although the ruling was characterized as a dismissal for failure to state a claim, it is evident that it was in fact based solely on the existence of the temporary restraining order previously entered in the case. Clearly, even had the dismissal of the counterclaim been denominated a grant of summary judgment, it would not, under the circumstances, have constituted one, since "an adjudication on summary judgment is an adjudication on the merits of the case [Cits]." *Summer-Minter & Assoc. v. Giordano*, 231 Ga. 601, 604 (203 SE2d 173) (1974). Accord *Hilliard v. Edwards*, 169 Ga. App. 808, 809 (315 SE2d 39) (1984).

The appellant's contention that he was entitled to file a direct appeal from the denial of his motion to set aside the restraining order is similarly without merit. The cases cited in support of this contention are inapposite in that they involved rulings which left nothing pending in the trial court. Moreover, those cases were decided prior to the enactment of OCGA § 5-6-35 (a) (8) (Ga. L. 1984, p. 599, § 2), pursuant to which the denial of a motion to set aside asserted pursuant to OCGA § 9-11-60 (d) is always subject to the discretionary appeal procedures, even if it constitutes a final judgment.

*Appeal dismissed. Carley and Benham, JJ., concur.*

DECIDED JUNE 1, 1987 —
REHEARING DENIED JUNE 15, 1987 — 

*Johnny N. Panos, E. Graydon Shuford*, for appellant.
*William P. Tinkler, Jr., William S. Shelfer, Jr.*, for appellee.