74437. LIGHTWERK STUDIOS, INC. et al. v. DOOR UNITS OF GEORGIA, INC.
(361 SE2d 32)

POPE, Judge.
Appellee brought this action against appellants seeking recovery of the principal amount due on account plus interest and attorney fees. Appellants answered, denying any indebtedness to appellee, and counterclaimed for damages for breach of contract and warranties. Appellee subsequently amended its complaint to add a prayer for damages for abusive litigation pursuant to *Yost v. Torok*, 256 Ga. 92 (344 SE2d 414) (1986). This appeal arises from the trial court's order granting appellee's motion for partial summary judgment as to the principal amount due on account ($1,344.67) plus interest ($322.72) and costs ($84.50). The trial court's order also (1) granted appellee's

motion to strike appellants' answer and counterclaim (apparently for failure to enter into discovery pursuant to OCGA § 9-11-37 (d)), (2) granted appellee's motion for attorney fees ($750 payable directly to counsel for appellee) for appellants' failure to enter into discovery (also pursuant to OCGA § 9-11-37 (d)), (3) granted appellee's motion to compel discovery, (4) denied appellants' motion to strike portions of appellee's amended complaint, and (5) granted appellee's motion for a protective order.

Appellee has moved to dismiss this appeal based upon appellants' failure to make application for discretionary appeal, the judgment herein being less than $2,500. See OCGA § 5-6-35 (a) (6). Although the grant of a motion for summary judgment is in general directly appealable, where the amount of the judgment is $2,500 or less, an application for discretionary appeal is required. *Jarrett v. Ford Motor Credit Co.*, 178 Ga. App. 600 (344 SE2d 440) (1986). Accordingly, the entry of partial summary judgment in favor of appellee provides no basis for a direct appeal in this case.

Likewise, the dismissal of appellants' counterclaim provides no basis for a direct appeal. The ruling is not on the merits and thus is not tantamount to the grant of summary judgment so as to be directly appealable. *Denney v. Shield Ins. Co.*, 183 Ga. App. 280 (358 SE2d 628) (1987); see also *Honester v. Tinsley*, 183 Ga. App. 146 (1) (358 SE2d 295) (1987), holding that where the appellee has obtained a judgment of $2,500 or less but, in addition, has prevailed on the merits of a counterclaim filed by appellant, OCGA § 5-6-35 (a) (6) is inapplicable and appellant may appeal directly. Rather, the ruling dismissing the counterclaim in the case at bar is interlocutory (appellee's abusive litigation claim remains pending) and is not reviewable on appeal absent an express determination and direction of finality pursuant to OCGA § 9-11-54 (b) or compliance with the interlocutory appeal provisions of OCGA § 5-6-34 (b). *Middleton v. State Farm Life Ins. Co.*, 143 Ga. App. 176 (237 SE2d 684) (1977); see, e.g., *Whatley v. Blue Cross of Ga./Columbus*, 165 Ga. App. 340 (301 SE2d 60) (1983); *Lockman v. Catawba Ins. Co.*, 162 Ga. App. 244 (291 SE2d 99) (1982).

The remaining rulings in the trial court's order clearly deal with discovery matters and, thus, are also interlocutory and provide no basis for a direct appeal. See, e.g., *American Express Co. v. Yondorf*, 169 Ga. App. 498 (313 SE2d 756) (1984); *General Recording Corp. v. Chadwick*, 136 Ga. App. 213 (220 SE2d 697) (1975); *Wells v. Johnson*, 118 Ga. App. 168 (162 SE2d 837) (1968). Cf. *Seaboard C. L. R. v. Mobil Chem. Co.*, 172 Ga. App. 543 (1) (323 SE2d 849) (1984), holding that in the interest of judicial economy interlocutory rulings may be reviewed along with the grant of a motion for summary judgment.

It follows from the foregoing that the record provides no basis for

a direct appeal in this case. Accordingly, appellee's motion to dismiss is meritorious and we are compelled to grant it. Appellee's motion for damages for frivolous appeal pursuant to OCGA § 5-6-6 is denied.

*Appeal dismissed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 10, 1987.

*John L. Taylor, Jr., John L. Schaub*, for appellants.
*J. Guy Sharpe, Jr.*, for appellee.