76132, 76133. FRANKLYN GESNER FINE PAINTINGS, INC.
v. KETCHAM.
(368 SE2d 774)

DEEN, Presiding Judge.

Appellee sold a painting to appellant, representing it to be the work of a certain artist. When it was determined to be a forgery, appellant sued appellee on the theories of fraud, breach of contract, and conspiracy. The conspiracy count was dismissed at trial.

A jury returned a verdict for plaintiff/appellant on the fraud count, assessing general damages of $32,500, punitive damages of $6,263, and attorney fees of $31,337; no finding was made on the breach of contract count. When queried by the court, the foreman stated that it had been the jurors' understanding that it was not necessary to make a finding on both counts. The court, outside the jurors' presence, inquired of counsel for both parties whether there was objection to the absence of a finding on the contract count, and both replied that they had no objection. Appellee had unsuccessfully moved for a directed verdict on the fraud claim.

On appeal this court reversed, finding insufficient evidence of fraud to authorize the issue to be submitted to a jury.[1] Alleging that the contract claim had never been tried on its merits, appellant filed a motion to set aside the remittitur or for new trial; this was denied. A second motion to set aside also was denied. In Case No. 76132 the

---

[1] This case has previously been heard in this court three times and in the Supreme Court once, as follows: (1) *Ketcham v. Franklyn Gesner Fine Paintings*, 169 Ga. App. 329 (312 SE2d 639) (1983); (2) *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984); (3) *Ketcham v. Franklyn Gesner Fine Paintings*, 171 Ga. App. 377 (320 SE2d 640) (1984); (4) *Ketcham v. Franklyn Gesner Fine Paintings*, 181 Ga. App. 549 (353 SE2d 44) (1987). In its initial appearance (# (1), supra), a 6-3 whole-court case, this court reversed the trial court's granting of a motion to substitute, and denial of a motion to strike the substitution and dismiss the action against Franklyn Gesner. The Supreme Court in # (2), supra, reversed this court, and overruled and declined to follow certain cases standing for the proposition that it is prohibited to amend to change from the party first named to the party intended to be named, where the former does in fact exist. In the latter case the amendment was held to amount to the addition of a new party or change of parties. In # (3), supra, the judgment of the Supreme Court was adopted as that of this court. Finally, in # (4), supra, this court reversed the trial court's failure to grant a directed verdict on the fraud and deceit count, holding that there was no evidence regarding the essential elements of fraud.

denial of the first motion is appealed; in Case No. 76133 the appeal is from the denial of the second. Appellee has filed motions to dismiss both appeals, alleging in both motions that appellant was obliged to follow the discretionary appeal procedure and has not done so. *Held*:

Our review of the records of the cases *sub judice* and of relevant law leads us to the conclusion that this Court is without jurisdiction to hear the instant appeals. The denial of an extraordinary motion for new trial — i.e., a motion made more than thirty days after entry of judgment — is among the classes of cases which are not directly appealable but require utilization of the discretionary appeal procedure. OCGA §§ 5-5-41; 5-6-35 (a) (7); *Davis v. State*, 182 Ga. App. 736 (356 SE2d 762) (1987). Likewise, the denial of a motion to set aside judgment must also be appealed through the discretionary procedure. OCGA § 5-6-35 (a) (8); *Denney v. Shield Ins. Co.*, 183 Ga. App. 280 (358 SE2d 628) (1987). The provisions of OCGA § 9-11-60 (g) are not applicable in the procedural posture of the cases at bar. Moreover, the requirements of OCGA § 5-6-35 are jurisdictional, and the appellate courts cannot accept an appeal not made in compliance with the statutory requirements. *Hogan v. Taylor County Bd. of Education*, 157 Ga. App. 680 (278 SE2d 106) (1981).

*Appeals dismissed. Sognier, J., concurs. Carley, J., concurs in the judgment only.*

DECIDED APRIL 4, 1988 —
REHEARING DENIED APRIL 18, 1988 —

*Harmon W. Caldwell, Jr., Harry W. MacDougald, Wade H. Watson III*, for appellant.
*John K. Dunlap*, for appellee.