## 45795. FRANKLYN GESNER FINE PAINTINGS, INC. v. KETCHAM.
### (375 SE2d 848)

WELTNER, Justice.

In 1980 Ketcham sold Gesner a painting for $32,500. The painting was a forgery. Gesner filed suit against Ketcham in 1981.

### History of the Case

1. Ketcham moved to dismiss the suit because the purchaser was not Gesner, individually, but "Franklyn Gesner Fine Paintings, Inc." The trial court denied Ketcham's motion and granted Gesner's motion to substitute the named corporation as the plaintiff. Ketcham sought interlocutory appeal, and the Court of Appeals reversed the trial court. *Ketcham v. Franklyn Gesner Fine Paintings*, 169 Ga. App. 329 (312 SE2d 639) (1983). We granted certiorari and reversed, *Franklyn Gesner Fine Paintings v. Ketcham*, 252 Ga. 537 (314 SE2d 903) (1984), whereupon the Court of Appeals vacated its earlier opinion. *Ketcham v. Franklyn Gesner Fine Paintings*, 171 Ga. App. 377 (320 SE2d 640) (1984).

2. In 1986, a jury returned a verdict in Gesner's favor on a fraud count for $32,500 in special damages, $31,337 in attorney fees, and $6,263 in punitive damages. The jury was charged on a breach of contract theory but made no findings on that issue.[1]

3. Ketcham appealed the denial of his motion for a directed verdict as to fraud. On appeal the Court of Appeals reversed, finding that there was no evidence of specified essential elements of fraud. *Ketcham v. Franklyn Gesner Fine Paintings*, 181 Ga. App. 549 (353

---

[1] The following colloquy transpired:

"The Court: What is the verdict under the breach of contract claim?

Foreperson: We did not go into that. We figured that fraud was the one —

The Court: All right. So you did not make any determination on the breach of contract claim?

Foreperson: No, we didn't.

The Court: You did not have deliberations on the breach of contract claim?

The Foreperson: We thought we were supposed to choose one."

After the jury left, the judge asked both parties if they thought there needed to be any findings on the breach of contract count. Gesner's attorney stated "I think they did the right thing when they said one or the other."

In this connection, see *Stone v. Stone*, 258 Ga. 716 (373 SE2d 627) (1988), specifically n. 1, as follows: "We have suggested on several occasions that jury verdicts that include inappropriate terms or ambiguities be resubmitted for amendment or clarification."

SE2d 44) (1987). Application for certiorari filed with this court was denied.

4. Upon receipt of the remittitur, the trial court made the order of the Court of Appeals the order of the trial court and entered judgment for Ketcham.[2] The court later denied Gesner's motion for a new trial.

5. Gesner's appeal from this last order was dismissed by the Court of Appeals. *Franklyn Gesner Fine Paintings v. Ketcham*, 186 Ga. App. 853 (368 SE2d 774) (1988). On July 8, 1988, we again granted certiorari.

## Effect of Reversal

6. (a) When the Court of Appeals reversed the denial of the motion for directed verdict as to fraud without direction, the case was not terminated. The Court stated, "Inasmuch as the jury did not reach a verdict on the breach of contract count, we need not address that issue." 181 Ga. App. at 554. "The legal effect of the reversal of a judgment on appeal is to nullify the judgment below and place the parties in the same position in which they were before judgment." *Kirkland v. Southern Discount Co.*, 187 Ga. App. 453 (370 SE2d 640) (1988) (reversing trial court's dismissal of amended complaint under circumstances such that a prior appellate reversal of denial of motion for directed verdict was not dispositive of all issues).[3]

(b) OCGA § 9-11-50 (e) provides:

Where error is enumerated upon an order denying a motion for directed verdict and the appellate court determines that the motion was erroneously denied, it may direct that judgment be entered below in accordance with the motion or may order that a new trial be had, as the court may determine necessary to meet the ends of justice under the facts of the

---

[2] Although the court ordered Gesner to pay the costs of preparing the record, the order upon remittitur shows that Ketcham's attorney paid the costs. Gesner asserts that he assumed that the case would be retried on the breach of contract claim, but the trial court apparently considered the case at an end. Gesner claims that he did not receive notice of the trial court's final order until after the expiration of 30 days.

[3] See also *Schley v. Schofield*, 61 Ga. 528, 530 (1878): "As a general rule, where the writ of error is founded upon a trial below in which both law and fact were involved, and where the complaint is that the plaintiff in error lost his case when he was entitled to gain it, and where this court is of opinion that he was entitled to gain it, and where, for that reason, the judgment of the court below is reversed, a new trial follows unless this court, by way of direction, dictates something else. . . . [A] judgment of this court, as well as that of any other, ought to be clear and certain. When more than a mere reversal is intended, the additional matter should not be stated simply by way of a reason for the reversal. . ., but there should be a mandatory direction to do or to adjudge whatever this court intends shall be done or adjudged."

case.

(c) The trial court was not required as a matter of law to enter final judgment in favor of Ketcham.

*Conclusion*

7. (a) Gesner's contract claim is summarized in the charge given by the trial court, as follows:

> As to the breach of contract claim, the plaintiff makes several different contentions. For example, the plaintiff contends that the defendant represented the painting was by Martin Johnson Heade, that the defendant thereby warranted that the painting was by Martin Johnson Heade, and has breached that warranty. In response, the defendant denies those allegations. Also, in the alternative, the plaintiff contends that he contracted with the defendant to buy a Heade painting, that the painting was not a Heade painting, and that therefore the defendant breached his contract. Again, in response the defendant denies those allegations and contentions.

(b) The Court of Appeals made this assessment of the evidence as to the contract claim: "We are satisfied from the transcript that Ketcham represented the painting as an authentic Heade and that Gesner sustained loss because the painting was not an authentic Heade." 181 Ga. App. at 553.

(c) Although all of the elements of the breach of contract claim were proved at trial, that claim was not passed upon by the jury. Hence, and regrettably,[4] this case must be returned, once again, to the trial court. Gesner shall have the opportunity to file, in the trial court, such motions for relief as shall be appropriate, based upon the evidence of the case. If a proper disposition of any such motions shall not conclude the case, then a new trial must be granted.

---

[4] This controversy stems from the plain fact that Ketcham sold to Gesner a forged painting. At the time, Gesner wrote to Ketcham: "I would much prefer to settle this matter in a gentlemanly fashion and what I need from you is your check for $10,000 representing the commission you made on the transaction and I need the name and address of the man from whom you acquired the painting. It is my intention to go after him for the remaining $22,500." Gesner received neither a check nor the identity and location of Ketcham's supplier, although he made additional requests for information during discovery. Had Ketcham been willing to "settle this matter in a gentlemanly fashion" and repaid the $10,000 that Gesner requested of him *nine years ago*, the prodigious quantum of personal and public resources wasted by this tortured case would have been avoided.

Justice should not be so illusive a goal for so plain a claim of right.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED FEBRUARY 8, 1989 —
RECONSIDERATION DENIED MARCH 1, 1989.

*Johnson & Montgomery, Wade H. Watson III, Harry W. MacDougald*, for appellant.
*John K. Dunlap*, for appellee.