A93A1450. GRAY v. GENERAL MOTORS ACCEPTANCE CORPORATION.
(439 SE2d 49)

SMITH, Judge.

Charles Atlas Gray brought this action against General Motors Acceptance Corporation (GMAC), contending that GMAC wrongfully repossessed his car. The underlying facts are as follows: Gray was arrested and pled guilty to a federal charge of distribution of cocaine. The federal agents who arrested Gray testified that he used the vehicle financed by GMAC to transport and sell cocaine. The vehicle accordingly was seized by the Drug Enforcement Administration under 21 USC § 881 (a) (4). GMAC then sought to repossess the vehicle. Because GMAC held a perfected security interest that exceeded the value of the vehicle, the DEA released the vehicle to GMAC.

Cross-motions for summary judgment were brought by the parties on Counts I and II of the original complaint and GMAC's counterclaim for deficiency judgments on this vehicle and another repossessed vehicle. On July 29, 1992, the trial court denied summary judgment to Gray and granted summary judgment to GMAC, finding that the repossession was proper, because Gray had breached the retail installment sales contract by "expos[ing] the vehicle to misuse or confiscation." The trial court also granted a deficiency judgment to GMAC. Gray has not appealed the July 1992 order.

However, on the date of the hearing on the initial summary judgment motions, Gray amended his complaint to add a third count alleging claims for violation of his federal constitutional rights pursuant to 42 USC §§ 1981, 1983 and 1985. The parties again brought cross-motions for summary judgment, and the trial court again denied summary judgment to Gray and granted summary judgment to GMAC. Gray's sole enumeration of error is the trial court's denial of his motion for summary judgment on Count III.

In order to prevail on summary judgment, the moving party must demonstrate that he is entitled to judgment as a matter of law. OCGA

§ 9-11-56 (c). Gray has failed to show a basis for summary judgment in his favor under any of the federal statutes cited, and we affirm.

42 USC § 1981 forbids interference with the right to contract on the basis of race, and in order to state a claim under this statute, Gray must allege discriminatory intent. *Faulk v. City of Orlando*, 731 F2d 787, 790 (11th Cir. 1984). Gray does not point to any evidence in the record that reveals discriminatory intent on the part of GMAC. In fact, he does not raise the issue of any race- or class-based discrimination in his brief. There is, moreover, no showing of any interference with any contractual right, as the trial court determined in its unappealed order that the repossession of the collateral involved here was proper and lawful under the contract.

By its terms, 42 USC § 1985 (3)[1] applies to conspiracies "for the purpose of depriving . . . any person . . . of the equal protection of the laws. . . ." Gray has alleged a deprivation of due process rights, which is not cognizable under § 1985 (3). See *Yglesias v. Gulfstream Park Racing Assn.*, 201 F2d 817, 819 (5th Cir.), cert. denied, 345 U. S. 993 (73 SC 1132, 97 LE2d 1400) (1953) (decided under previous codification of statute at 8 USC § 43). As in actions under 42 USC § 1981, Gray must show some racial or class-based invidious discrimination behind the alleged conspiracy. *Wrenn v. Ledbetter*, 697 FSupp. 483, 487 (N.D. Ga. 1988), aff'd 880 F2d 420 (11th Cir. 1989), cert. denied, 493 U. S. 1075 (110 SC 1123, 107 LE2d 1030) (1990).

Finally, "[s]tate action is a prerequisite to maintenance of a suit under 42 USCA § 1983. [Cit.] No state action has been demonstrated in this case. Furthermore, it is clear that appellant's constitutional rights have not been violated." *Aiken v. C & S Bank*, 249 Ga. 481, 482 (4) (291 SE2d 717) (1982).

Gray has shown no basis for a cause of action pursuant to any of the provisions of 42 USC §§ 1981, 1983 or 1985. Accordingly, the trial court did not err in denying Gray's motion for summary judgment.

*Judgment affirmed. Beasley, P. J., and Cooper, J., concur.*

DECIDED NOVEMBER 23, 1993 —
RECONSIDERATION DENIED DECEMBER 7, 1993 —

*Sonja L. Salo*, for appellant.
*McCullough & Pane, John G. McCullough, Gregson T. Haan*, for appellee.

---

[1] 42 USC § 1985 (1) and (2) address interference with officers of the United States government and obstruction of justice, and are not applicable here.