NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3749
_____

UNITED STATES OF AMERICA

v.

ALVIN M. THOMAS,

Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-06-cr-00299-001)
District Judge:  Honorable Gustave Diamond
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 15, 2011

Before:  SLOVITER, FUENTES and FISHER, *Circuit Judges*.

(Filed: July 28, 2011 )
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Alvin M. Thomas appeals his judgment of conviction and sentence entered by the

United States District Court for the Western District of Pennsylvania for three controlled

substances offenses.  For the reasons stated herein, we will affirm.

I.

We write principally for the parties, who are familiar with the factual context and legal history of this case. Therefore, we will set forth only those facts necessary to our analysis.

A grand jury in the Western District of Pennsylvania returned a three-count indictment against Thomas charging him with conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846 (Count I), and with distribution and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii) (Counts II and III). Pursuant to 21 U.S.C. § 853(a)(1)-(2), the indictment included forfeiture allegations that Thomas had acquired property, including money and real estate, to facilitate the drug distribution conspiracy. The indictment specifically identified a house located at 24 Kenmare Hall in Atlanta, Georgia ("Kenmare Hall") as "forfeitable property" under § 853(a) connected to Thomas's criminal conduct. In addition, the government identified a second, "substitute asset" pursuant to 21 U.S.C. § 853(p)(2), located at 1658 Willis Mill Road, S.W. in Atlanta, Georgia ("Willis Mill"), to be forfeited in the event that the Kenmare Hall property was unavailable for forfeiture. The government filed notices of *lis pendens* for

both the Willis Mill and Kenmare Hall properties in the Fulton County, Georgia clerk's office.[1]

On November 17, 2008, Thomas sent a letter to the District Court expressing his dissatisfaction with his court-appointed counsel and suggested that the properties identified in the government's forfeiture action could be used to satisfy the costs of hiring private counsel. He included a list of his preferred private counsel with the request. Although Thomas was unable to afford private counsel, the District Court appointed Thomas new counsel in order to address any potential problems with Thomas's previously-appointed attorney.

On February 23, 2010, Thomas pled guilty to the three counts in the indictment. There was no written plea agreement. Thomas testified that he was satisfied with the representation of his counsel, and the Court determined that his guilty plea was made knowingly and voluntarily. At the plea hearing, the government disclosed to the District Court that it would not seek forfeiture on the Kenmare Hall and Willis Mill properties and that it would file a Release of *Lis Pendens* because the properties were found to have no value. Following the plea hearing, Thomas filed a motion seeking justification for the

---

[1] In addition, on June, 20, 2007, the United States Attorney's Office for the Northern District of Georgia filed notices of *lis pendens* on both properties pursuant to a sixty-five-count indictment against Thomas in the Northern District of Georgia. The indictment included charges of conspiracy to launder monetary instruments, in violation of 18 U.S.C. §1956(h), currency structuring, in violation of 31 U.S.C. §§ 5324(a)(3) and (d)(2), and substantive money laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

forfeiture action and the *lis pendens* notices against his properties, arguing that the government abused the forfeiture process in order to deny him access to funds to hire private counsel.

The District Court held a sentencing hearing where it denied Thomas's motion with regard to the forfeiture action and sentenced Thomas to 240 months' imprisonment. Thomas timely appealed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 28 U.S.C. § 1291. Because Thomas raises a question of law, we exercise plenary review. *See United States v. Washington*, 549 F.3d 905, 911 (3d Cir. 2008).

## III.

When a defendant pleads guilty, three potential issues remain available on appeal: the jurisdiction of the District Court; the validity or voluntariness of the guilty plea; and the legality of the sentence imposed. *See United States v. Broce*, 488 U.S. 563, 569 (1989). Thomas argues that the government's notices of *lis pendens* on his Kenmare Hall and Willis Mill properties violated his Sixth Amendment right to counsel by preventing him from retaining private counsel of his choice. Thomas maintains that deprivation of the right to counsel is a structural error that may be addressed on appeal. In *United States v. Gonzalez-Lopez*, the Supreme Court held that a conviction must be reversed when it

4

occurs after a trial in which the defendant was wrongfully denied his choice of counsel. 548 U.S. 140, 150-52 (2006). The Court "accept[ed] th[e] premise" that the district court erroneously denied respondent his choice of counsel. *Id*. at 152. There is no basis for a similar conclusion in this case.

First, any challenge to the notice of *lis pendens* on the Kenmare Hall property is foreclosed. Under the Sixth Amendment, Thomas has a right to counsel that he can afford to hire, but he does not have a right to the release of funds subject to forfeiture to obtain counsel of his choice. *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 626-33 (1989). The criminal forfeiture statute specifically provides that "[a]ll right, title, and interest in property [subject to forfeiture as] described in subsection (a) of this section vests in the United States upon the commission of the [criminal] act giving rise to forfeiture under this section." 21 U.S.C. § 853(c). In *Caplin,* the Court noted that "there is a strong governmental interest in obtaining full recovery of all forfeitable assets, an interest that overrides any Sixth Amendment interest in permitting criminals to use assets adjudged forfeitable." 491 U.S. at 631. Indeed, a defendant cannot use assets subject to forfeiture to pay for his defense, even if the defendant has no other source of funds, because assets subject to forfeiture do not rightfully belong to the defendant. *Id.*

The Kenmare Hall property was deemed an asset subject to forfeiture under § 853(a)(1). The government alleged in the indictment that the property was obtained either directly or indirectly through the drug distribution conspiracy. The fact that the

government ultimately chose not to proceed against the property is irrelevant. Moreover, the filing of the notice of *lis pendens* on the property was a formality that had no impact given that the property was classified as an asset subject to forfeiture under § 853(a)(1). *See United States v. Register*, 182 F.3d 820, 834-35 (11th Cir. 1999). Accordingly, Thomas had no right to liquidate the Kenmare Hall property because the property was subject to forfeiture and not rightfully his.

Thomas argues that the filing of the *lis pendens* on the Willis Mill property was invalid under Georgia law because, as a substitute asset, it was not technically the subject of pending litigation. *See Scroggins v. Edmondson,* 297 S.E.2d 469, 472 (Ga. 1982) (explaining that in order to properly file a notice of *lis pendens* in Georgia, the real property must be "actually and directly brought into litigation by the pleadings in a pending suit and as to which some relief is sought respecting that particular property"). Thomas never raised this issue before the District Court, and we find that it has been waived.

An issue not raised before the District Court is deemed waived absent exceptional circumstances. *United States v. Petersen*, 622 F.3d 196, 202 n.4 (3d Cir. 2010) ("'arguments asserted for the first time on appeal are deemed to be waived and consequently are not susceptible to review in this Court absent exceptional circumstances.'" (quoting *United States v. Rose*, 538 F.3d 175, 179 (3d Cir. 2008)). We do not believe any exceptional circumstances exist in this case. Thomas never filed a

motion in the District Court seeking to lift the notice of *lis pendens* or otherwise directly challenge the government's compliance with Georgia law. Instead, Thomas briefly mentioned the idea of using his properties to pay for private counsel in a letter to the District Court. The letter, however, failed to raise any issues regarding the sufficiency of the filing of the notices under Georgia law, and Thomas never elaborated on his financial concerns or otherwise discussed the properties during the subsequent status hearing. Moreover, in response to the complaints in Thomas's letter, the District Court appointed Thomas a new federal public defender. During the following two years leading up to his guilty plea, Thomas never raised the issue regarding the sufficiency of the *lis pendens*, even though, as Thomas acknowledged, he was afforded satisfactory counsel. Thus, because Thomas had adequate opportunity to challenge the sufficiency of the *lis pendens* under Georgia law but failed to do so, we consider it waived.

A notice of *lis pendens* simply serves to notify prospective purchasers or other interested persons who are not parties to the suit that particular property is the subject of pending litigation. Indeed, such a notice "does not prevent the sale of the property, nor is it a lien on the property." *Aiken v. Citizens & S. Bank of Cobb Cnty.*, 291 S.E.2d 717, 719 (Ga. 1982). The *lis pendens* were not impermissible pretrial restraints on an owner's ability to alienate property. *See United States v. Lebed*, 2005 WL 2495843, at *9-10 (E.D. Pa. 2005); *United States v. Miller*, 26 F. Supp. 2d 415, 432 n.15 (N.D.N.Y. 1998). Thomas was free to liquidate the properties as he saw fit.

## IV.

For the foregoing reasons, the judgment of the District Court will be affirmed.