# Court of Appeals
# of the State of Georgia

ATLANTA, February 12, 2018

*The Court of Appeals hereby passes the following order:*

**A18A1020.  JAMES HUGH POTTS, II et al. v. WILLIAM G. CLOWDIS, JR.**

In 2016, William G. Clowdis, Jr. filed suit against James Hugh Potts II and James Hugh Potts II, LLC, for, inter alia, interference with profession, fraud, and defamation. Both defendants (hereinafter "Potts") answered and raised various counterclaims, including tortious interference with business and profession and libel. In an order entered on October 24, 2017, the trial court found that Potts had fragrantly abused the discovery process, struck Potts's answer and counterclaims under OCGA § 9-11-37, and entered default judgment for Clowdis. The trial court specifically reserved the issue of damages for a later jury trial. Potts sought immediate appellate review, but the trial court issued an order denying a certificate of immediate review. In separate orders also issued on October 24, the trial court awarded Clowdis attorney fees incurred in (1) pursuing a protective order with respect to a deposition that Potts conducted in bad faith; (2) defending against Potts's motion for a protective order concerning another deposition that had already been cancelled; and (3) compelling Potts's response to a request for production of documents. See OCGA § 9-11-37 (a) (4). Potts thereafter filed this direct appeal, seeking to appeal the trial court's October 24 orders. Clowdis has filed a motion to dismiss the appeal.

The appealability of an order is determined, not by its form, but by its substance and effect. See *American Med. Security Group, Inc. v. Parker*, 284 Ga. 102, 104 (4) (663 SE2d 697) (2008). Here, the trial court's order striking Potts's answer and counterclaim and entering default judgment against him under OCGA § 9-11-37, but reserving the issue of damages for a later trial is, in substance and effect, an interlocutory discovery sanction, which is not subject to direct appeal. See *American*

*Med. Security Group*, 284 Ga. at 104 (4).

Potts argues, however, that under *Aiken v. C & S Bank of Cobb County*, 249 Ga. 481, 481-482 (1) (291 SE2d 717) (1982), the trial court's order was tantamount to a grant of summary judgment and is directly appealable because it was based on a review of the evidence. But in *Aiken*, the trial court struck the counterclaim on the merits. Id.; accord *Denney v. Shield Ins. Co.*, 183 Ga. App. 280, 280-281 (358 SE2d 628) (1987) (noting that where counterclaim was dismissed for a reason not implicating the merits thereof, there was no right to direct appeal). Where, as here, an answer and counterclaim are struck as a sanction for a party's discovery abuses under OCGA § 9-11-37 (d), and the case otherwise remains pending, the ruling is interlocutory. See *Lightwerk Studios, Inc. v. Door Units of Ga., Inc.*, 184 Ga. App. 148, 149 (361 SE2d 32) (1987). Furthermore, a trial court's decision to grant or refuse a certificate for immediate review of interlocutory rulings is not subject to appellate review. *Scruggs v. Ga. Dept. of Human Resources*, 261 Ga. 587, 588 (1) (408 SE2d 103) (1991).

Potts also argues that he is entitled to a direct appeal under OCGA § 5-6-34 (a) (2) because the trial court's awards of attorney fees under OCGA § 9-11-37 are equivalent to contempt orders, which are directly appealable. But where, as here, awards of fees pursuant to OCGA § 9-11-37 are interlocutory in nature, such orders present no basis for immediate review. See *Lightwerk Studios*, 184 Ga. App. at 149.

Potts's failure to comply with the interlocutory appeal procedure deprives this Court of jurisdiction to consider his appeal. See OCGA § 5-6-34 (b). For these reasons, Clowdis's motion to dismiss is hereby GRANTED and this appeal is hereby DISMISSED.

Clowdis has also filed a motion requesting that the Court impose frivolous

appeal sanctions on Potts and his counsel. See Court of Appeals Rule 7 (e). The motion for frivolous appeal sanctions is hereby DENIED.



*Court of Appeals of the State of Georgia*

    *Clerk's Office, Atlanta,  02/12/2018*

    *I certify that the above is a true extract from* *the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court* *hereto affixed the day and year last above written.*

*Stephen E. Castlen*    , *Clerk.*