NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-4069
_____

UNITED STATES OF AMERICA

v.

ALVIN M. THOMAS,
                              Appellant
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-06-cr-00299-001)
District Judge:  Hon. Gustave Diamond
_____

Submitted Under Third Circuit LAR 34.1(a)
September 13, 2018

Before:   JORDAN, VANASKIE, and RENDELL, *Circuit Judges*

(Filed: October 4, 2018)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

Alvin Thomas appeals the District Court's denial of his motion to vacate his

sentence pursuant to 28 U.S.C. § 2255.  We will affirm.

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

## I. BACKGROUND[1]

Thomas pled guilty to conspiracy to distribute more than five kilograms of cocaine, in violation of 21 U.S.C. § 846, and to distribution and possession with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(ii). *United States v. Thomas*, 440 F. App'x 148, 149 (2011). On direct appeal, he claimed that *lis pendens* notices filed by the government against certain real estate he owned prevented him from selling those properties and using the proceeds to retain counsel. *Id.* at 150. He argued that the government thus violated his Sixth Amendment right to retain counsel of his choice.[2] *Id.*

With respect to one of the two properties then at issue, the "Willis Mill property," he said that the *lis pendens* notice was invalid under Georgia law, and, in the alternative, that it was an impermissible pretrial restraint under federal law. We rejected those arguments, concluding that Thomas had waived the contention that the *lis pendens* notice for that property was invalid under Georgia law because he did not raise it before the District Court, *id.* at 151-52, and that his challenge under federal law failed because a *lis pendens* notice is not an impermissible pretrial restraint, *id.* at 152. As to the latter point, we explained:

---

[1] Because we write primarily for the parties, we assume familiarity with the facts set forth in Thomas's direct appeal, *United States v. Thomas*, 440 F. App'x 148 (2011). We briefly summarize our holding on direct appeal as it pertains to the issues here on collateral review.

[2] Thomas was represented in the District Court by a series of five court-appointed lawyers. Relevant to this appeal are his complaints about his first court-appointed lawyer, Assistant Federal Public Defender Thomas Livingston, who represented Thomas from September 13, 2006, to June 6, 2008.

2

A notice of *lis pendens* simply serves to notify prospective purchasers or other interested persons who are not parties to the suit [that] that particular property is the subject of pending litigation. Indeed, such a notice "does not prevent the sale of the property, nor is it a lien on the property." *Aiken v. Citizens & S. Bank of Cobb Cnty.*, 249 Ga. 481, 291 S.E.2d 717, 719 (1982). The *lis pendens* were not impermissible pretrial restraints on an owner's ability to alienate property. *See United States v. Lebed*, 2005 WL 2495843, at *9-10 (E.D. Pa. 2005); *United States v. Miller*, 26 F. Supp. 2d 415, 432 n.15 (N.D.N.Y. 1998). Thomas was free to liquidate the [Willis Mill] propert[y] as he saw fit.

*Id.* at 152. With respect to the other property, the Kenmare Hall property, we decided that "Thomas had no right to liquidate [it] because the property was subject to forfeiture and [thus was] not rightfully his." *Id.* at 151. Thomas petitioned the United States Supreme Court to review our rulings, but that petition was denied. *See Thomas v. United States*, 566 U.S. 1034 (2012) (denying writ of certiorari).

Thomas subsequently filed a timely *pro se* § 2255 motion in the District Court. He alleged that all of his court-appointed counsel were ineffective for failing to challenge the *lis pendens* notice on the Willis Mill property, which had prevented him from selling that property and retaining an attorney of his choice. Over the next three years, Thomas filed several amendments to his motion. One of them sought to raise a stand-alone claim that the *lis pendens* notice on the Willis Mill property violated his Sixth Amendment right to choose his own lawyer. The District Court addressed that argument but rejected it. Reflecting the outcome on direct appeal, the Court concluded that the argument lacked merit because a *lis pendens* notice is not a restraint on property. Based on that premise, the Court decided that each of Thomas's ineffective assistance of counsel claims also lacked merit because he could not show deficient performance of counsel and prejudice.

3

When he failed to gain from the District Court a certificate of appealability or a favorable decision on his motion for reconsideration, Thomas turned to us.

We granted a certificate of appealability for two of his claims: whether "(1) the *lis pendens* against 'the Willis [Mill] property' violated Appellant's Sixth Amendment right to retain counsel of his choice, and (2) Attorney Livingston was ineffective for failing to raise that claim[.]" (J.A. at 20-21.) We also directed the parties "to address whether an exception to the law of the case doctrine, *see Schneyder v. Smith*, 653 F.3d 313, 331-32 (3d Cir. 2011), applies in this case and warrants disturbing our ruling on direct appeal that the *lis pendens* filed against the Willis [Mill] property was 'not [an] impermissible pretrial restraint[].' *United States v. Thomas*, 440 F. App'x 148, 152 (3d Cir. 2011)." (J.A. at 21 (second and third alterations in original).)

## II.    DISCUSSION[3]

As just noted, Thomas's argument that the *lis pendens* notice filed against the Willis Mill property was an improper pretrial restraint that prevented him from retaining counsel of his choice was raised and rejected on direct appeal. Thomas thus faces the hurdle of showing that an exception to the law-of-the-case doctrine should apply here. Because he does not meet the standard for application of any exception to that doctrine, our earlier ruling on direct review forecloses his argument. We also reject his

---

[3] The District Court had jurisdiction under 28 U.S.C. § 2255. We have jurisdiction pursuant to 28 U.S.C. §§ 2253 and 1291. We exercise plenary review over the district court's legal conclusions and review its factual findings for clear error. *United States v. Travillion*, 759 F.3d 281, 289 (3d Cir. 2014).

ineffective-assistance-of-counsel claim because he cannot show that he was prejudiced by any deficient performance by attorney Livingston.

## A. The Law-Of-The-Case Doctrine Forecloses Thomas's Stand-Alone Claim For § 2255 Relief.

As a general matter, "issues resolved in a prior direct appeal will not be reviewed again by way of a § 2255 motion[.]" *United States v. Travillion*, 759 F.3d 281, 288 (3d Cir. 2014); *see also United States v. DeRewal*, 10 F.3d 100, 105 n.4 (3d Cir. 1993) ("Many cases have held that Section 2255 generally may not be employed to relitigate questions which were raised and considered on direct appeal." (internal quotation marks omitted)). That rule is an embodiment of the law-of-the-case doctrine, which provides that "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Farina v. Nokia Inc.*, 625 F.3d 97, 117 n.21 (3d Cir. 2010) (quoting *Arizona v. California*, 460 U.S. 605, 618 (1983)).

There are exceptions. We have discretion to revisit the law of the case when "(1) new evidence is available; (2) a supervening new law has been announced; or (3) the earlier decision was clearly erroneous and would create manifest injustice." *Schneyder v. Smith*, 653 F.3d 313, 331-32 (3d Cir. 2011) (quotation omitted). None of those exceptions applies.[4] Nor was our earlier ruling mere dicta, as Thomas contends. We address that last argument first.

---

[4] Thomas does not argue that new evidence warrants an exception to the law-of-the-case doctrine, so we do not address that exception.

5

### 1. Our Ruling On Direct Appeal Was Not Dicta.

Thomas says that the law-of-the-case doctrine does not apply because our earlier conclusion about the *lis pendens* notice filed against the Willis Mill property was dicta. According to Thomas, we held on direct appeal that "[his] challenge to the *lis pendens* on the Willis Mill property was waived[,]" (Opening Br. at 49), so our subsequent explanation that the *lis pendens* notice was not a restraint on his property was not necessary to our ultimate holding. But Thomas has misconstrued our earlier decision.

On direct appeal, we ruled that Thomas had waived his argument "that the filing of the *lis pendens* [notice] on the Willis Mill property was invalid under Georgia law because, as a substitute asset, it was not technically the subject of pending litigation." *Thomas*, 440 F. App'x at 151. But, Thomas had raised an additional argument, namely, that the *lis pendens* notice was a pretrial restraint in violation of federal law. *See* Opening Br. at 19, *United States v. Thomas*, Case No. 10-3749 (3d Cir. Mar. 2, 2011), Doc. No. 3110455710 (arguing the *lis pendens* notice violated substitute asset provision, 21 U.S.C. § 853(p)). We addressed that challenge head on and stated our conclusion that a *lis pendens* notice is not a restraint. Had Thomas succeeded on that argument, the outcome would have been different. Thus, our conclusion on that argument was not dicta, as it was necessary to our holding.

### 2. No Supervening New Law Warrants Disturbing Our Ruling On Direct Review.

Thomas next argues that the Supreme Court announced a new rule of law in *Luis v. United States*, 136 S. Ct. 1083 (2016), that warrants disturbing our earlier conclusion

6

that the *lis pendens* notice filed against the Willis Mill property was "not [an] impermissible pretrial restraint[]." (Opening Br. at 49-50.) We disagree because *Luis* is distinguishable.

In *Luis*, a majority of the Supreme Court held "that the pretrial restraint of legitimate, untainted assets needed to retain counsel of choice violates the Sixth Amendment." *Luis*, 136 S. Ct. at 1088 (plurality); *see also id.* at 1096 (Thomas, J., concurring) (agreeing with plurality on that point). The case involved a court-imposed freeze that both parties agreed prohibited the defendant from selling assets identified in the court's order. *Id.* at 1088. The *Luis* Court's analysis turned on whether the assets were tainted, or, in other words, connected to the underlying alleged criminal activity. *Id.* at 1088-90.

In contrast, here, our earlier ruling was not based on whether the Willis Mill property was tainted; rather, it was based on our determination that the *lis pendens* notice was not a "restraint" on the Willis Mill property because it did not prevent Thomas from selling it. *Thomas*, 440 F. App'x at 152. While there was a total freeze on alienation of the property at issue in *Luis*, that was not the case here. *Luis* does not provide any guidance on whether a *lis pendens* notice should be treated for Sixth Amendment purposes like a court-ordered freeze. Accordingly, the supervening new law exception does not warrant ignoring the law of the case here.

7

### 3. Our Earlier Ruling Was Not Clearly Erroneous And Does Not Create Manifest Injustice.

His other arguments having failed, Thomas must show both "clear error" and "manifest injustice" if we are to depart from our prior ruling. *Arizona v. California*, 460 U.S. 605, 618 n.8 (1983), *decision supplemented*, 466 U.S. 144 (1984). It is a high bar and requires that we be left with "a clear conviction of error[.]" *Fogel v. Chestnutt*, 668 F.2d 100, 109 (2d Cir. 1981) (internal quotation marks and citation omitted). "[M]ere doubt on our part is not enough to open the point for full reconsideration." *Id.* (citation omitted).

Thomas says that, while a *lis pendens* notice is not a legal bar to the sale of a property, it still amounts to a restraint because it places a significant burden on the property that may, as a practical matter, make it difficult to sell. He has support for that contention. *See Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316, 1322 (3d Cir. 1982) (noting that "there is evidence in the record which establishes that a *lis pendens* impairs the marketability of the property by depriving the owner of the ability to convey clear title while the litigation is pending" (emphasis added)); *see also United States v. Register*, 182 F.3d 820, 836 (11th Cir. 1999) ("[T]he effect of a *lis pendens* on the owner of property ... is constraining. For all practical purposes, it would be virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit." (ellipsis in original) (emphasis added) (quotation omitted)). But his argument does not show that we clearly erred in this case,

8

because the two pieces of evidence he submitted to the District Court do not establish that the *lis pendens* notice prevented him from selling the Willis Mill property.

First, Thomas submitted evidence at his sentencing that, a few weeks before his indictment in the Western District of Pennsylvania, he had agreed to sell the Willis Mill property to a real estate developer for $300,000. The closing was supposed to take place by September 11, 2006, but the deal did not go through by that date. Then, on September 19, 2006, the government filed the bill of particulars identifying the Willis Mill property as a substitute asset, and the *lis pendens* notice was filed a week later. Although Thomas may believe that the deal fell through due to the property's connection to the Western District of Pennsylvania's indictment, the deal failed to close before the government had even identified the Willis Mill property as a substitute asset and before the *lis pendens* notice was filed. Thus, that evidence is not probative of whether the *lis pendens* notice was a restraint on the Willis Mill property.

Second, Thomas says that he had another potential buyer for the Willis Mill property. In support of that claim, he submitted an October 2013 affidavit from another potential buyer, Carlton Jenkins. Jenkins averred that he became interested in buying the Willis Mill property in October or November 2006. But after discussing a possible sale "with some title companies and banks, [Jenkins] was told they would not be able to get clear title of the property and the bank did not want to finance a loan to [him] because of" that issue. (J.A. at 477.) As a result, Jenkins chose not to buy the property.

Even if true, however, the fact that Jenkins chose not to buy the property due to the *lis pendens* notice does not mean that Thomas could not have sold the property to

9

someone else.  Thomas has not put forth any evidence indicating that he lowered his asking price to account for the presence of the *lis pendens* notice or that he undertook any other efforts to sell the property.  *See United States v. Jones*, 844 F.3d 636, 642 (7th Cir. 2016) (explaining that "a *lis pendens* notice does not deprive real estate of all marketable value").  On this record, we cannot say that our earlier ruling concerning the *lis pendens* was clearly wrong.

Nor can we say that leaving our earlier ruling undisturbed creates a manifest injustice.  Thomas does not claim to be actually innocent of his crimes.  On the contrary, he knowingly and voluntarily chose to plead guilty.  He received the benefit of a sentence at the statutory mandatory minimum for imprisonment, rather than a sentence within the higher recommended guidelines range.  He has therefore failed to meet his burden to show that our ruling on direct appeal was clearly erroneous and that it would create a manifest injustice if left in place.

Because our earlier ruling was not dicta and Thomas does not qualify for any exception to the law-of-the-case doctrine, we will not overturn our earlier ruling.[5]

**B.      Thomas Cannot Establish Ineffective Assistance Of Counsel Because He Was Not Prejudiced.**

Our conclusion that the law of the case indeed applies does not mean that a Sixth Amendment challenge to the *lis pendens* notice would have been a meritless argument.

---

[5]  Nothing we have said here prejudges whether, in the absence of the law-of-the-case doctrine and on a different record, we would reach the same or a different result on the question of whether a *lis pendens* constitutes the kind of restraint governed by *Luis*. 136 S. Ct. at 1088, 1096.

As mentioned earlier, there is some support in the case law that a *lis pendens* notice effectively is a restraint, *see supra* Section II.A.3 & note 5, although the record before us now does not support that conclusion here. Theoretically, however, at the inception of Thomas's case, attorney Livingston could have raised arguments challenging the *lis pendens* that might have altered the course of Thomas's case. We therefore must address Thomas's § 2255 claim that attorney Livingston rendered ineffective assistance of counsel. We conclude that Thomas has not made the requisite showing to prevail.[6]

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth the standard of review for a claim of ineffective assistance of counsel. To prove such a claim, the defendant must show that counsel's performance was deficient and that the defense was prejudiced as a result. *Id.* at 687. A showing of prejudice requires "a reasonable probability that, but for counsel's unprofessional errors, the result of the

---

[6] For two reasons, we only address whether attorney Livingston, of all of Thomas's court-appointed lawyers, rendered ineffective assistance of counsel. First, that is the only specific ineffective-assistance-of-counsel claim that Thomas sought in his application for a certificate of appealability, and it is the only one for which we issued the certificate.

Second, in an unrelated case, a grand jury in the United States District Court for the Northern District of Georgia indicted Thomas on January 23, 2007, on sixty-five counts involving conspiracy to launder monetary instruments, currency structuring, and substantive money laundering. That indictment identified the Willis Mill property as a tainted and forfeitable asset pursuant to 18 U.S.C. § 982(a)(1). Once the property was identified as such, the government preserved its ability to seek forfeiture of it should Thomas be convicted of the underlying crimes. *See United States v. Seher*, 562 F.3d 1344, 1368 (11th Cir. 2009) (explaining that § 982(a)(1) allows the government to forfeit property that was "involved in" or "traceable to" the convicted defendant's illegal activity); *United States v. Stewart*, 185 F.3d 112, 129 (3d Cir. 1999) (same). Thus, the period we are concerned about is from September 2006 to January 2007, when attorney Livingston potentially could have challenged the *lis pendens* notice on the Willis Mill property resulting from the indictment in the Western District of Pennsylvania.

11

proceeding would have been different." *Id.* at 694. If a defendant cannot show prejudice, then we need not reach the issue of counsel's performance. *Rolan v. Vaughn*, 445 F.3d 671, 678 (3d Cir. 2006).

### 1. Thomas Must Show Actual Prejudice.

As a preliminary matter, Thomas argues that he need not show prejudice on his ineffective assistance of counsel claim because the denial of a defendant's Sixth Amendment right to counsel of his choice is a structural error that is presumptively prejudicial. While it is true that the "erroneous deprivation of the right to counsel of choice ... unquestionably qualifies as structural error," *United States v. Gonzalez-Lopez*, 548 U.S. 140, 150 (2006) (internal quotation marks and citation omitted), the Supreme Court applies that rule to a preserved objection on direct review, *id.* at 142-44. When a defendant on collateral review raises an ineffective assistance of counsel claim involving counsel's failure to raise a structural error, the defendant will typically bear the burden to show both deficient performance of counsel and prejudice under the familiar *Strickland* framework. The Supreme Court recently addressed a similar situation in *Weaver v. Massachusetts*, 137 S. Ct. 1899, 1911 (2017) (plurality).

There, a plurality of the Court held that, "when a defendant raises a public trial-violation via an ineffective-assistance-of-counsel claim, *Strickland* prejudice is not shown automatically." *Id.* at 1911. The plurality suggested that only structural errors that "always result[] in fundamental unfairness[,]" such as when an indigent defendant is denied an attorney, will result in the presumption of prejudice in a *Strickland* analysis. *Id.* at 1908, 1911. Otherwise, the plurality continued, the defendant must bear the burden

12

"to show either a reasonable probability of a different outcome in his or her case or ... to show that the particular [error in his or her case] was so serious as to render his or her trial fundamentally unfair." *Id.* at 1911.

The alleged error here was not the type that necessarily "results in fundamental unfairness." *Id.* at 1908. Although Thomas did not have retained counsel, he was not denied the right to counsel as he had a court-appointed lawyer at all relevant times in the trial court proceedings.[7] Because the alleged error was not one that necessarily "result[ed] in fundamental unfairness," *id.* at 1908, Thomas must show actual prejudice to prevail on his ineffective assistance of counsel claim.

### 2. Thomas Cannot Show Actual Prejudice.

Thomas attempts to demonstrate prejudice through a speculative chain of events: first, if attorney Livingston had challenged the *lis pendens* issue on the Willis Mill property, then there is a reasonable probability that the District Court would have ordered the government to remove the *lis pendens*; second, Thomas would have been able to sell the property for approximately $300,000 and retain counsel of his choice; and third, there is a reasonable probability that, based on the advice of retained counsel, he would not have pled guilty and would have instead gone to trial. Thomas argues that he satisfies the prejudice requirement by showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." (Opening Br. at 46.) That is mere assertion, not argument, and it lacks "a

---

[7] Again, this appeal only pertains to attorney Livingston's representation of Thomas from September 13, 2006, to June 6, 2008. *See supra* note 2.

13

plausible foundation in the record[.]" *United States v. Nahodil*, 36 F.3d 323, 327 (3d Cir. 1994). It is, in other words, pure speculation.

Moreover, Thomas's case did not get resolved while attorney Livingston represented him. Thomas pled guilty in February 2010, over a year and a half after Livingston had withdrawn from representing Thomas. Nothing attorney Livingston did forced Thomas to plead guilty or precluded Thomas from choosing to go to trial. During the time of his representation, Livingston filed a number of motions to extend the time for filing of pretrial motions. He requested additional time "to complete investigation of the facts and law, as well as plea negotiations[.]" (SA at 27.) We see no evidence that what Livingston did or did not do while representing Thomas is what caused Thomas to plead guilty. Thomas simply cannot meet his burden to show that any deficiency in Livingston's performance caused him prejudice.[8]

## III. CONCLUSION

For the foregoing reasons, we will deny Thomas's request to supplement the record and will affirm the District Court's denial of his § 2255 motion.

---

[8] We also will deny Thomas's request to supplement the record on appeal pursuant to Federal Rule of Appellate Procedure 10(e)(2) with attorney correspondence between attorney Livingston and another one of Thomas's later court-appointed counsel. Thomas claims that that evidence shows attorney Livingston was ineffective for failing to challenge the *lis pendens* notice filed against the Willis Mill property. That evidence, however, has no bearing on our analysis because it is directed at the deficient performance prong, while we conclude that Thomas fails to prove the prejudice prong. *See Rolan*, 445 F.3d at 678 (stating courts may "reject an ineffectiveness claim solely on the ground that the defendant was not prejudiced").

14